425 So.2d 1138 (1982)
SHOP IN THE GROVE, LTD., a Florida Limited Partnership, Appellant,
v.
UNION FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI, a United States Corporation, et al., Appellees.
Nos. 82-1705 to 82-1712.
District Court of Appeal of Florida, Third District.
November 16, 1982.
Ciravolo & Feldman and Bennett G. Feldman, Miami, for appellant.
Durrach, McClaskey, Merkin & Sacasas, Britton, Cohen, Kaufman, Benson & Schantz, Daniel P. Tunick, Sidney Z. Brodie and Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, Miami, for appellees.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.

On Motions for Stay
SCHWARTZ, Judge.
Shop in the Grove, Ltd. was the defendant below in actions upon various secured and unsecured debts in the Dade County Circuit Court and is now the appellant seeking reversal of the judgments entered against it on those claims. It has filed motions to stay these appeals on the ground that it has brought a Chapter 11 proceeding in the United States Bankruptcy Court for the Southern District of Florida. In so doing, it invokes the so-called automatic stay provision of the "new" Bankruptcy Act, 11 U.S.C.A. § 362(a)(1-3) (1978) which provides that the filing of a petition under the Act itself effects a stay of
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

*1139 (3) any act to obtain possession of property of the estate or of property from the estate.[1]
We deny the motions on the ground that the present appeals by the debtor-defendant from judgments rendered against it do not fall within the purview of this provision. While we are guided by no prior authority whatever under the recently enacted statute,[2] it seems self-evident that an appeal, initiated and to be prosecuted by the debtor may be considered neither the "continuation ... of a ... proceeding against" it, cf. State ex rel. Merchants' Nat. Bank v. Hull, 37 Fla. 579, 20 So. 762 (1896);[3] the "enforcement" of the judgments previously obtained; nor an "act to obtain possession" of its property. The manifest purpose of the automatic stay provision is to act as a debtor's shield from proceedings which may adversely affect its interest;[4] that purpose will hardly be served by requiring an indefinite suspension of the appellant's attempts to be relieved of the judgments with the obvious effect of acting as the debtor's sword against the creditor's claims upon it. Furthermore, although the matter is not of direct interest to us, it seems totally unconducive to an orderly administration of the petitioner's affairs in the bankruptcy court to permit it to claim the court's protection from the full effect of adverse judgments while simultaneously maintaining that it may, at some unknown time in the future, secure a total reversal of those judgments on appeal. In any event, addressing an issue which is within our concern, we do not believe that, in exercising the necessary control over our own docket, we are required to or should permit these appeals to remain in limbo indefinitely. Instead, the appellant-debtor must be required to fish or cut bait and either pursue these appeals or submit the judgments as they are for such relief as the bankruptcy court may afford.
For these reasons, it is ordered that the appellant shall prosecute these appeals in accordance with the Florida Rules of Appellate Procedure,[5] or they shall stand dismissed.
Motions for stay denied.
FERGUSON, Judge (dissenting).
It is not so self-evident to me that an appeal, initiated by the debtor, may not be considered a "continuation ... of a judicial ... proceeding against the debtor ..."; the only apposite authority seems to be quite to the contrary. Wilson v. Clark, 414 So.2d 526 (Fla. 1st DCA 1982) [on a timely appeal by the defendant from an adverse judgment the action continues to have life until a final determination on an appeal]; *1140 Coleman v. State, 215 So.2d 96 (Fla. 4th DCA 1968) [entry of an appeal is a step in the case and not a new action]; 1 Fla. Jur.2d, Actions § 35 [the rendition of a judgment in a court of first instance does not terminate the pendency of the action where an appeal is taken]. None of the authorities distinguish between an appeal taken by a plaintiff and one taken by a defendant, and it would be quite an invention, supported by little reason, to hold that an appeal by a plaintiff from an adverse judgment is a continuation of the original trial but an appeal by the defendant is not. The requirement imposed upon an appellant-debtor by the majority to "fish or cut bait" translates into a Hobson's choice between waiver of bankruptcy for the purpose of an appeal from the adverse judgment or conceding the contested debt in order to seek relief in the bankruptcy court. I am aware of no rule of bankruptcy law or federal procedure that would require such an election. In my opinion the appeal by the appellant-debtor from a judgment against it is a continuation of the judicial proceeding against debtor, clearly within the purview of the Act's automatic stay provision.
Having determined that the Bankruptcy Act does apply to the debtor's appeal for purposes of an automatic stay, the matter is not only of no direct interest to us, as the majority concedes, but we should defer to the bankruptcy court any consideration as to whether the denial of the stay of state proceedings will adversely affect the interests of the debtor or serve the purpose of the Act; Matter of Holtkamp, 669 F.2d 505 (7th Cir.1982) [the statute commits the decision of whether to lift the automatic stay to the discretion of the bankruptcy judge].
Finding an absence of power to do otherwise, I would grant the motion to stay.
NOTES
[1] The remaining subsections provide for a stay of

(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
[2] Moreover, we have discovered nothing persuasive even under the previous Bankruptcy Acts, Bankruptcy Acts of 1898 and 1938, former 11 U.S.C.A. §§ 11, 29, 711 and Rules, Bankruptcy Rules 11-44, 401, 601, which provided for judicial injunctions against proceedings against the debtor, rather than an automatic stay upon filing. Cf. Mid-Jersey National Bank v. Fidelity-Mortgage Investors, 518 F.2d 640 (3d Cir.1975); Pinsonat v. Skinner, 125 So.2d 216 (La. Ct. App. 1960).
[3] For a discussion of the meaning of the expressions "continue" and "continuation" in various legal contexts, see Variety Children's Hospital, Inc. v. Perkins, 382 So.2d 331, 337 (Fla. 3d DCA 1980), and cases cited at note 2.
[4] See Notes of the Committee on the Judiciary, S.Rep. No. 989, 95th Cong., 2d Sess. 51, 54-55, reprinted in 1978 U.S.Cong. & Ad.News 5787, 5840-41.
[5] We shall of course be tolerant of any delays occasioned by securing the necessary permission of the bankruptcy court to proceed. See 11 U.S.C.A. § 541(a)(1) (1978).