SHARP, Chief Judge.
Titus Brothers Roofing Company (Titus Brothers) and Joseph Titus appeal from an order denying their motion to vacate a summary judgment in favor of appellees, Earl Blank, et al. The summary final judgment was entered at a hearing which appellants’ counsel did not attend and appellants’ motion was predicated on their counsel’s alleged failure to receive a copy of the motion for summary judgment, accompanying affidavit, and notice of hearing on said motion. Appellants filed an affidavit of their counsel’s secretary to the effect that she never received these documents in the mail. The documents themselves reflect service on appellants’ counsel by mail and *440 appellees countered with an affidavit of their counsel’s secretary who averred that it is usual office practice to mail copies of all pleadings to persons appearing in the certificate of service and that the material mailed to appellants’ counsel at the address provided on the answer he filed was never returned by the postal service. The trial court, following an unreported hearing[1] denied the motion and on appeal appellants assert that as a matter of law their affidavit overcame the presumption of service created by the certificate of service. Appellants’ reading of Florida law is incorrect.
The question of whether the presumption of receipt is overcome is a factual one for the trial court. Hammett v. Hammett, 510 So.2d 632 (Fla. 3d DCA 1987); Abrams v. Paul, 453 So.2d 826 (Fla. 1st DCA 1984). A sworn denial of receipt of a pleading or notice creates a question of fact for the trial court as to whether the presumption of receipt is overcome. Only if the evidence is uncontroverted that the pleading or notice was misdirected and not received must the court grant the motion to vacate. See Falkner v. Amerifirst Federal Savings and Loan Association, 489 So.2d 758 (Fla. 3d DCA 1986).
The record here shows the court had before it the sworn affidavit of appellants’ counsel’s secretary that she did not receive a copy of the pleadings in the mail. Counsel signed the unverified motion to vacate and did not himself file an affidavit. Appellees’ countered with the affidavit of their counsel’s secretary as to the regular and usual office practice of mailing pleadings to counsel listed in the certificate of service and that the instant pleadings had not been returned in the mail.
Given this evidence as well as the lack of a transcript of the hearing on the motion,[2] we cannot say that the trial court erred in refusing to vacate the order. We do note from the record that Titus Brothers filed a suggestion of bankruptcy below thus triggering the automatic stay provision of 11 U.S.C. § 362(a)(1) as to it. See Ingersoll-Rand Financial Corp. v. Miller Mining Company, Inc., 817 F.2d 1424 (9th Cir.1987); Cathey v. Johns-Manville Sales Corp., 711 F.2d 60 (6th Cir.1983). Accordingly, we affirm the order denying the motion to vacate as to Joseph Titus and stay the appeal as to Titus Brothers. We instruct appellants’ counsel to notify this court immediately once the stay is lifted.
AFFIRMED as to Joseph Titus; STAYED as to Titus Brothers.
DAUKSCH and COWART, JJ., concur.

. Appellants do not argue that they were in any way denied the opportunity to present all the evidence they desired.

. See Beasley v. Beasley, 463 So.2d 1248 (Fla. 5th DCA 1985).