691 So.2d 1089 (1993)
CROWE GROUP, INC., Appellant,
v.
Wade H. GARNER, Trustee, Appellee.
No. 92-04153.
District Court of Appeal of Florida, Second District.
August 30, 1993.

ORDER ACKNOWLEDGING STAY
This appeal arises from an action begun by the appellee to foreclose a mortgage against the appellant. The appellant's initial brief states that just prior to the filing of its notice of appeal, it filed a voluntary petition in bankruptcy under chapter 11. Sua sponte this court raised the question whether the bankruptcy filing affects the instant appeal in view of the automatic stay provisions of 11 U.S.C. § 362(a) (1982). That section provides, in part, that the filing of a petition under chapter 11 operates as an automatic stay of the commencement or continuation of a judicial proceeding against the debtor.
We gave the appellant and the appellee an opportunity to advise this court of the effect of the bankruptcy proceedings on this appeal. We also conducted our own research on the issue. The argument has been made that if the appeal is brought by the debtor, as in this case, continuation of the appeal should not be considered the continuation of a proceeding against the debtor. However, most courts have rejected that argument.
The rule is that the determination of whether a case on appeal is stayed depends upon its inception, with the stay applying against proceedings originally brought against the debtor regardless of whether the debtor is the appellant or the appellee in appellate proceedings. Cathey v. Johns-Manville Sales Corp., 711 F.2d 60 (6th Cir. 1983), cert. denied, 478 U.S. 1021, 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986); Ellison v. Northwest Engineering Co., 707 F.2d 1310 (11th Cir.1983); 9A Am.Jur.2d Bankruptcy § 1388(1991).
Accordingly, since this action was originally brought against the debtor (the appellant) by the creditor (the appellee), the automatic stay under the federal statute applies to these proceedings. Therefore, these proceedings are stayed. The parties are directed to inform this court when the bankruptcy court grants relief from the automatic stay or when that stay lapses.
We recognize that our decision regarding the stay expressly and directly conflicts with the decision of the Third District Court of Appeal in Shop in the Grove, Ltd. v. Union Federal Savings & Loan Association, 425 So.2d 1138 (Fla. 3d DCA 1982), with which the Fourth District Court of Appeal expressed its agreement in Marine Charter & Storage, Ltd. v. Underwriters, 568 So.2d 944 (Fla. 4th DCA 1990).
It is so ordered.
DANAHY, A.C.J., and HALL and THREADGILL, JJ., concur.