636 So.2d 756 (1994)
FLORIDA EASTERN DEVELOPMENT COMPANY, INC. OF HOLLYWOOD, Appellant,
v.
LEN-HAL REALTY, INC., etc., et al., Appellees.
No. 93-2034.
District Court of Appeal of Florida, Fourth District.
March 9, 1994.
*757 Christopher Q. Wintter of Wintter & Cummings, Hollywood, for appellees.
Jesse Diner of Atkinson, Diner & Stone, P.A., Hollywood, for appellant.
EN BANC

ORDER ON SUGGESTION OF BANKRUPTCY UNDER CHAPTER 11
KLEIN, Judge.
Appellant, who was a defendant in the trial court and is appealing a judgment entered against it, has filed a suggestion of bankruptcy under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 362 (a)(1) of the code provides for an automatic stay of all legal proceedings "against the debtor." We recede from a prior decision and acknowledge that there is an automatic stay under these circumstances.
In Marine Charter & Storage v. Underwriters, 568 So.2d 944 (Fla. 4th DCA 1990), this court held that there is no automatic stay on appeal if the debtor is the appellant. This court relied on Shop in the Grove, Ltd. v. Union Federal Savings and Loan Association of Miami, 425 So.2d 1138 (Fla. 3d DCA 1982), in which the third district reasoned that an appeal is not a proceeding "against the debtor" if the debtor is the appellant. This court certified the issue in Marine as one of great public importance, but the case did not go to the supreme court.
Although there was a dearth of law on the subject at the time Shop in the Grove was decided in 1982, beginning with Association of St. Croix Condominium Owners v. St. Croix Hotel, 682 F.2d 446 (3d Cir.1982), all federal circuit courts considering the issue have held that there is an automatic stay, where the original proceedings were "against the debtor," regardless of whether the debtor is the appellant or the appellee on appeal. Farley v. Henson, 2 F.3d 273 (8th Cir.1993); Sheldon v. Munford, Inc., 902 F.2d 7 (7th Cir.1990); Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1426 (9th Cir.1987); Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir.1986); Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp., 797 F.2d 227, 230 n. 4 (5th Cir.1986); Cathey v. Johns-Manville Sales Corp., 711 F.2d 60 (6th Cir.1983).
In In the Matter of the Celotex Corporation, 128 B.R. 478 (M.D.Fla. 1991), the bankruptcy court held that there was an automatic stay when a defendant in the trial court appealed, citing Cathey. In Titus Brothers Roofing Company v. Blank, 542 So.2d 439 (Fla. 5th DCA 1989), Titus appealed a summary judgment entered against it, and the court held that when Titus filed a suggestion of bankruptcy there was an automatic stay, citing Cathey. The opinion does not reflect whether Titus was the defendant in the lower court.
In Farley, 2 F.3d at 275, the eighth circuit summarized the reasons why the federal circuits have concluded as they have:
Several factors support our decision. First, the plain language of § 362(a)(1) appears to compel this result. It would strain the language of the statute to suggest that an appeal by a debtor from a judgment obtained against the debtor as defendant is not a "continuation" of a judicial "proceeding against the debtor." See Cathey, 711 F.2d at 61 ("It is beyond peradventure that the instant appeals are continuations of judicial proceedings.") Second, the policies underlying the automatic stay are implicated even though the debtor, by bringing the appeal, seeks to escape or mitigate the adverse judgment. See Sheldon, 902 F.2d at 8-9 (noting that the policies behind the automatic stay are implicated because the estate has an interest in the outcome of the appeal and suggesting that the bankruptcy court should ensure that the debtor is adequately represented in the appeal).
Finally, to apply or not apply the automatic stay depending upon whether an appeal was taken "against" or "by" a debtor would be impractical and unworkable. Under such an approach, a debtor's appeal in a case originally brought against it as defendant would not be stayed, yet any cross-appeal by the plaintiff would be stayed. See Association of St. Croix Condominium Owners, 682 F.2d at 449. *758 Moreover, even absent a cross-appeal, if the debtor prevailed in an appeal from a judgment obtained against it as defendant, both the filing of a petition for rehearing or for certiorari by the debtor's adversary and any proceedings required upon a remand would be stayed, since both would be "proceeding[s] against the debtor." See Cathey, 711 F.2d at 62: Association of St. Croix Condominium Owners, 682 F.2d at 449 n. 2. We can not believe that Congress intended that the applicability of the automatic stay should depend upon "which party is ahead at a particular stage in the litigation." Teachers Ins. & Annuity Ass'n of Am., 803 F.2d at 65.
We are persuaded by the above reasoning and therefore recede from our opinion in Marine Charter and hold that the automatic stay provisions of 11 U.S.C. § 362(a) apply on appeal, regardless of whether the debtor is an appellant or appellee, where the original proceedings were against the debtor.
DELL, C.J., and ANSTEAD, HERSEY, GLICKSTEIN, GUNTHER, STONE, WARNER, POLEN, FARMER, PARIENTE and STEVENSON, JJ., concur.