737 So.2d 1105 (1998)
James T. TAYLOR, a/k/a James Thomas Taylor, an individual, and Berle S. Taylor, a/k/a Berle Sue Taylor, an individual, Appellants,
v.
BARNETT BANK OF NORTH CENTRAL FLORIDA, N.A., n/k/a Barnett Bank, N.A., Appellee.
No. 98-158.
District Court of Appeal of Florida, First District.
September 4, 1998.
M. Katherine Ramers, Dunedin, for appellants.
No appearance for appellee.

OPINION ON MOTION FOR CLARIFICATION
PER CURIAM.
The appellants file a motion for clarification asking this court to articulate its position regarding the effect of a bankruptcy proceeding on an appeal. A final judgment of foreclosure was entered against appellants in favor of Barnett Bank. Appellants show that after the notice of appeal was filed, they filed a suggestion of bankruptcy under Chapter 11 of the Bankruptcy Code. Title 11 U.S.C. § 362(a)(1) of the code provides for an automatic stay of all legal proceedings "against the debtor." We find that the automatic stay provision of the federal Bankruptcy Code applies on appeal regardless of whether the debtor is an appellant or an appellee and acknowledge that there is an automatic stay under these circumstances.
In Shop in the Grove, Ltd. v. Union Federal Savings & Loan Association of Miami, 425 So.2d 1138 (Fla. 3d DCA 1982), the third district denied motions for stay on the ground that the appeal by the debtor/defendant from judgments rendered against it did not fall within the purview of the federal Bankruptcy Code. The fourth district followed that ruling in Marine Charter & Storage, Ltd. v. Underwriters, 568 So.2d 944 (Fla. 4th DCA 1990).
In contrast, the second district determined that the stay would apply in Crowe Group, Inc. v. Garner, 691 So.2d 1089 (Fla. 2d DCA 1993). The fourth district revisited its Marine Charter decision in Florida Eastern Development Co., Inc. of Hollywood v. Len-Hal Realty, Inc., 636 So.2d 756 (Fla. 4th DCA 1994). The fourth district noted that although there was a dearth of law on the subject at the time the third district decided Shop in the Grove in 1982, beginning with Association of St. Croix Condominium Owners v. St. Croix Hotel, 682 F.2d 446 (3d Cir.1982), the federal circuit courts began considering the issue. Based on the development in the case law, the fourth district was persuaded to recede from its opinion in Marine Charter and hold that the automatic stay provision of 11 U.S.C. § 362(a) applies on appeal, regardless of whether the debtor is an appellant or appellee, *1106 where the original proceedings were against the debtor. We note that six federal circuit courts have held that there is an automatic stay, where the original proceedings were "against the debtor," regardless of whether the debtor is the appellant or the appellee on appeal. See Farley v. Henson, 2 F.3d 273, 275 (8th Cir.1993); Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1426 (9th Cir.1987); Commerzanstalt v. Telewide Sys., Inc., 790 F.2d 206, 207 (2d Cir.1986); Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp., 797 F.2d 227, 230 n. 4 (5th Cir.1986); Cathey v. Johns-Manville Sales Corp., 711 F.2d 60, 62 (6th Cir.1983), cert. denied, 478 U.S. 1021, 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986); Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 449 (3d Cir.1982). In contrast, the 10th circuit has ruled that a trustee/debtor in possession may file an action or continue an action without court relief of the stay. Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc., 994 F.2d 1476, 1486 (10th Cir.), cert. denied, 510 U.S. 916, 114 S.Ct. 307, 126 L.Ed.2d 254 (1993).
We align this court with the decisions in Florida Eastern Development and Crowe Group on the issue of the effect of the filing of a suggestion of bankruptcy. Accordingly, because appellants have filed a suggestion of bankruptcy and the original proceedings were against them, the proceedings in this cause are stayed until such time as the stay imposed by 11 U.S.C. § 362 is lifted or dissolved. The debtors shall notify this court within ten days after the stay is lifted or dissolved. In any event, the debtors shall submit a report to this court at the end of 180 days which sets forth the status of the proceedings in bankruptcy.
WOLF and LAWRENCE, JJ., and SHIVERS, DOUGLASS B., Senior Judge, concur.