On Motion for Stay Pending Bankruptcy Proceedings

COPE, J.
Cruise Holdings, Ltd. moves for a stay of this appeal on account of pending bankruptcy proceedings. We grant the stay.
*335 Cruise Holdings suffered an adverse judgment in the trial court and appealed to this court.
Premier Operations, Ltd. is the successor in interest to Cruise Holdings, Ltd. Premier is a Bermuda company.
While this appeal was pending, the Acting Registrar of Companies of Bermuda sought a winding-up of Premier by the Supreme Court of Bermuda. In September, 2000, the Bermuda Court appointed Provisional Liquidators.
The Provisional Liquidators filed an ancillary bankruptcy proceeding in the United States Bankruptcy Court for the Southern District of New York.
Counsel for appellant advised this court that the appeal should be stayed on account of the automatic bankruptcy stay provided by 11 U.S.C. § 362(a). This court has, however, taken the position that when the debtor is the appellant, the automatic stay is inapplicable. Shop in the Grove, Ltd. v. Union Federal Savings & Loan Association of Miami, 425 So.2d 1138, 1139 (Fla. 3d DCA 1982).* This interpretation is based on the wording of the automatic stay provision. Id. This court does, however, freely grant extensions of time which may be necessitated by bankruptcy proceedings. See 425 So.2d at 1139 n. 5.
Based on Shop in the Grove, this court declined to apply the automatic stay provision to this appeal, but instead granted extensions of time which were requested on the appellant’s behalf.
By a status report which we have treated as a renewed motion for stay, Cruise Holdings points out that the United States Bankruptcy Court has entered a temporary restraining order which provides in part:
(2) All persons and entities ... subject to the jurisdiction of this Court are enjoined and restrained from ... (b) commencing or continuing any action ... or proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative, maritime, or regulatory action, proceeding or process whatsoever) involving the Company.:..
(Emphasis added; some emphasis deleted).
By its express terms, the temporary restraining order prohibits the parties from prosecuting the appeal. Accordingly, as a matter of comity, we enter a stay in deference to the order of the United States Bankruptcy Court.
Stay granted.

 There is a division of authority on this point. See Taylor v. Barnett Bank of North Central Florida, N.A.,, 737 So.2d 1105 (Fla. 1st DCA) and cases cited therein.