813 So.2d 264 (2002)
Allan EMMER, Appellant,
v.
Charles BRUCATO and Marcia Brucato, et al., Appellees.
No. 5D01-1668.
District Court of Appeal of Florida, Fifth District.
April 12, 2002.
Matthew D. Pardy of Kim, Smith & Pardy, P.A., Orlando, for Appellant.
Christopher H. Morrison of Baldwin & Morrison, P.A., Fern Park, for Appellee.
ORFINGER, R.B., J.
Allan Emmer appeals an order of the court denying his motion to vacate a default final judgment entered against him and his motion to dismiss for lack of personal jurisdiction. We affirm.
*265 Charles Brucato and Marcia Brucato filed suit against Emmer in Seminole County, Florida. According to the return of service filed with the court, Emmer was served a copy of the summons and complaint on October 26, 2000, by a deputy sheriff at his place of residence in West Bloomfield, Michigan. It is the validity of that service and Emmer's actions, or inactions thereafter, that are at the heart of this appeal. Emmer claims he was never served, and that the first notice he had of the pending suit was when he received a copy of the Brucatos' motion for entry of a default in late December, 2000, for his failure to respond to the complaint. At that time, Emmer contacted his Michigan attorney, who telephoned the Brucatos' attorney and asked for a copy of the summons and complaint. The Brucatos' attorney promptly sent the Michigan attorney a copy of the summons and complaint, although the Michigan attorney testified he never received it. On January 16, 2001, the trial court entered a default against Emmer, and entered a final judgment against him shortly thereafter. Still, Emmer took no action until February 5, 2001, when his Florida counsel filed a motion to vacate the default judgment pursuant to Florida Rule of Civil Procedure 1.540(b), alleging that Emmer had failed to answer due to excusable neglect, that he had a meritorious defense, and that the court lacked personal jurisdiction over him based on his claim that he had never been served with process. On April 16, 2001, Emmer filed a motion to dismiss for lack of personal jurisdiction. After both of Emmer's motions were denied, this appeal ensued.
Our standard of review of an order ruling on a motion to vacate a default judgment is whether there has been a gross abuse of the trial court's discretion. North Shore Hosp., Inc. v. Barber, 143 So.2d 849 (Fla.1962).[1] We find no such abuse in this case and affirm.
Emmer failed to show that (1) his failure to file a timely responsive pleading was due to excusable neglect; (2) he had a meritorious defense to the claim; and, (3) the request for relief from the default was made with reasonable diligence after it was discovered. Hunt Exterminating Co., Inc. v. Crum, 598 So.2d 113 (Fla. 2d DCA 1992).
The real crux of this appeal is Emmer's contention that he was never served with process. While the burden of *266 proving the validity of service of process is on the Brucatos, the parties seeking to invoke the jurisdiction of the court, Knabb v. Morris, 492 So.2d 839, 841 (Fla. 5th DCA 1986), a return of service, which is regular on its face, is presumed valid unless clear and convincing evidence is presented to the contrary. Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996). Whether that presumption is overcome is a factual one for the trial court. Titus Bros. Roofing Co. v. Blank, 542 So.2d 439 (Fla. 5th DCA 1989). The defaulting party must establish by clear and convincing evidence that service was invalid. Aboudraah v. Tartus Group, Inc., 795 So.2d 79 (Fla. 5th DCA 2000). A defendant cannot impeach a summons by simply denying service, but must present clear and convincing evidence to corroborate his denial of service. Slomowitz v. Walker, 429 So.2d 797, 799 (Fla. 4th DCA 1983). Here, the trial court made a factual determination, after weighing the conflicting evidence, that Emmer was served with process. The record before us contains competent, substantial evidence to support that conclusion.
Finding no merit in the other issues raised by Emmer, we affirm the trial court's order.
AFFIRMED.
THOMPSON, C.J. and SAWAYA, J., concur.
NOTES
[1] We use the gross abuse of discretion standard because that is the standard the Florida Supreme Court adopted in North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962). It is, however, unclear to us the difference between "gross abuse of discretion" and "abuse of discretion," although some courts have recognized, though not defined, a difference. See George v. Radcliffe, 753 So.2d 573 (Fla. 4th DCA 2000). ("[I]t makes sense to use abuse of discretion, not gross abuse, as the standard of review, when the trial court has denied a motion to vacate.")

In Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), the supreme court defined abuse of discretion as follows:
Discretion ... is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.
Id., at 1203 (quoting Delno v. Market St. Ry. Co., 124 F.2d 965, 967 (9th Cir.1942).) Thus, if an abuse of discretion is an action by the trial court that no reasonable judge would take, what then is a "gross" abuse of discretion? Is it an action that only an extremely unreasonable judge would take? We suspect that the one and only standard is abuse of discretion, and that the supreme court's use of the word "gross" was merely surplusage. Nevertheless, in the instant case, we find no abuse of discretion, gross or otherwise.