PLEUS, C.J.
Melchi Development Group, Inc. (Mel-ehi), appeals from a nonfinal order denying its motion to set aside a default and quash summons. It claims that service on its registered agent was defective.[1] We disagree and affirm.
“A return of service, which is regular on its face, is presumed valid unless clear and convincing evidence is presented to the contrary.” Emmer v. Bru-cato, 813 So.2d 264, 266 (Fla. 5th DCA 2002). The defaulting party has the burden to overcome the presumption of valid service by proving with clear and convincing evidence that service was invalid. Id.
In the instant case, the return of service stated that the summons and complaint were served upon “Ana Barboza, receptionist designated to accept for Spie-gel & Utrera, P.A. as Registered Agent of the within named corporation, in compliance with state statutes.” The trial court concluded that service was valid because the return indicated that Ana Barboza was designated to accept service for Melchi. It found further that Melchi had the burden to show that Barboza was not designated to accept service for Melchi but failed to do so. Based upon the record before us, we agree with this conclusion and affirm the order below.
AFFIRMED.
SAWAYA and PALMER, JJ., concur.

. Melchi also attacks the form of the summons but we reject this argument without further discussion.