ORFINGER, J.
Beneficial Florida, Inc. appeals a non-final order quashing service of process on Ida Mae Washington.[1] Beneficial contends that the trial court erred in quashing service of process on Ms. Washington without conducting an evidentiary hearing. We agree and reverse.
Beneficial filed a mortgage foreclosure complaint against Ms. Washington (and A1 Washington, Jr.). A return of service was executed and filed with the trial court. According to the return of service, individual service of process was effected on Ms. Washington.[2] Because no responsive pleadings were filed by Ms. Washington, a default was entered against her. The trial court then granted Beneficial’s motion for final summary judgment of foreclosure, and the property was purchased by Beneficial at the foreclosure sale. Soon thereafter, Beneficial sold the property to a third party.
Several weeks later, Ms. Washington filed a motion to quash service of process and a motion to set aside the judgment, alleging that she was not properly served process, and, consequently, the judgment as to her interest in the property was void. The trial court issued an order, requiring Beneficial to file a written response to Ms. Washington’s motions. Beneficial did so, arguing that Ms. Washington’s allegations, without an affidavit, were insufficient to set aside the default or to quash service. Ms. Washington subsequently filed an affidavit in support of her motions. In her affidavit, she attested that on the date of service of Beneficial’s foreclosure complaint, she “was not at [the] residence at the alleged time of service” and that she only “first became aware of this action when [she] was served with a writ of possession at [her] residence.... ” Without conducting an evidentiary hearing on the motions, the trial court issued an order granting Ms. Washington’s motion to quash and ordered Beneficial to effectuate proper service on her. This appeal followed.
The return of service on Ms. Washington is regular on its face. A process server’s return of service on a defen *1213 dant, which is regular on its face, is presumed valid absent clear and convincing evidence presented to the contrary. Emmer v. Brucato, 813 So.2d 264, 265 (Fla. 5th DCA 2002); Telf Corp. v. Gomez, 671 So.2d 818, 818 (Fla. 3d DCA 1996). The defaulting party has the burden to overcome the presumption of valid service by establishing with clear and convincing evidence that service was invalid. Melchi Dev. Group, Inc. v. Berky Dev. Group, LLC, 918 So.2d 407, 408 (Fla. 5th DCA 2006); Emmer, 813 So.2d at 265; Aboudraah v. Tartus Group, Inc., 795 So.2d 79, 80 (Fla. 5th DCA 2000).
The trial court should have held an evi-dentiary hearing in order to insure adequate consideration of the disputed facts relevant to the motion to quash service of process. This is especially true in this case where Ms. Washington’s assertion that there was no service of process was disputed by the return of service. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989) (holding that where factual assertions in affidavits filed by the parties concerning the issue of personal jurisdiction could not be reconciled, the trial court was required “to hold a limited evidentiary hearing” to determine the issue); Koniver Stern Group v. Layfield, 811 So.2d 812 (Fla. 3d DCA 2002) (holding that assertion that there was no service of process and/or that wrong parties were served was disputed by verified returns of service, and, thus, evidentiary hearing on issue of motion to vacate default final judgments was required); S.E. Termite & Pest v. Ones, 792 So.2d 1266 (Fla. 4th DCA 2001) (reversing denial of motion to vacate clerk’s default for eviden-tiary hearing to determine whether appellant was personally served with process).
Accordingly, we reverse, and remand this matter for an evidentiary hearing on the issue of whether Ms. Washington was properly served process in the action.
REVERSED AND REMANDED.
GRIFFIN and TORPY, JJ., concur.

. Because the trial court’s non-final order determines personal jurisdiction, it is subject to immediate review by appeal. Fla. R.App. P. 9.130(a)(3)(C)(i); Chapman v. Sheffield, 750 So.2d 140, 142 (Fla. 1st DCA 2000).

. A second return of service document states that substitute service was employed to effect service on the co-owner of the property, A1 Washington, Jr.