# Third District Court of Appeal

## State of Florida

Opinion filed January 13, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-730
Lower Tribunal No. 15-23495
_____

**National Medical Imaging, LLC, et al.,**
Appellants,

vs.

**Lyon Financial Services, Inc., etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Genovese Joblove & Battista, P.A., and W. Barry Blum and Jessica Serell Erenbaum, for appellants.

Shutts & Bowen LLP, and Jack C. McElroy, John W. Bustard and Patrick G. Brugger, for appellee.

Before EMAS, C.J., and FERNANDEZ, LOGUE, SCALES, LINDSEY, HENDON, MILLER, GORDO, and LOBREE, JJ.

SCALES, J.

This Court, on its own motion,[1] rehears *en banc* National Medical Imaging, LLC v. Lyon Financial Services, Inc., 3D20-730, 2020 WL 5228979 (Fla. 3d DCA Sept. 2, 2020) ("panel opinion"). The panel opinion, in reliance upon Shop in the Grove, Ltd. v. Union Federal Savings & Loan Ass'n of Miami, 425 So. 2d 1138 (Fla. 3d DCA 1982), begrudgingly denied Appellee Lyon Financial Services, Inc. d/b/a U.S. Bank Portfolio Services' August 14, 2020 motion to stay the proceedings in our Court ("stay motion") during the pending bankruptcy proceedings in which Appellants National Medical Imaging, LLC and National Medical Imaging Holding Company, LLC are the debtors. Shop in the Grove held that the automatic stay provision in 11 U.S.C. § 362(a)(1) is inapplicable in this Court where the debtor – who is the defendant below and who has filed for federal bankruptcy protection – is the appellant. Shop in the Grove, Ltd., 425 So. 2d at 1139. Persuaded by (a) the clear and unambiguous text of the federal bankruptcy code's automatic stay provision, (b) precedent from virtually every other jurisdiction to have addressed the issue, and (c) a slight nudge by the federal bankruptcy judge presiding over appellants' bankruptcy case, we take this opportunity to, *en banc*, recede from Shop in the Grove (and, necessarily, the result reached in the panel opinion), and grant Appellee's stay motion.

---

[1] "A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party." Fla. R. App. P. 9.331(d)(1).

## I.    RELEVANT BACKGROUND, THE PANEL OPINION, AND THIS COURT'S *EN BANC* CONSIDERATION

In 2015, Appellee obtained a $12 million judgment against Appellants in a Pennsylvania state court. Appellee domesticated the judgment in the Miami-Dade County Circuit Court and obtained an April 28, 2020 final order below authorizing Appellee's execution on certain choses in action owned by Appellants. On May 7, 2020, Appellants appealed this final order to our Court (appellate case number 3D20-730). After Appellants served their initial brief, Appellants, on June 12, 2020, filed voluntary Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court"). See In re: National Medical Imaging, LLC, Case No. 20-12618-elf (Bankr. E.D. Pa.) (consolidated). Not wanting to violate the automatic stay by filing an answer brief, or otherwise defending against the appeal in our Court, on August 14, 2020, Appellee filed the instant stay motion seeking an order from this Court staying appellate proceedings in appellate case number 3D20-730 pending further order of the Bankruptcy Court. On September 22, 2020, a panel of this Court, in reliance upon this Court's 1982 opinion in Shop in the Grove, issued the panel opinion denying Appellee's stay motion. Nat'l Med. Imaging, LLC, 2020 WL 5228979, at *1.

3

Noting infirmities in Shop in the Grove, including the overwhelming precedent making Shop in the Grove an outlier, the panel opinion questioned the continued viability of Shop in the Grove, and not-so-subtly suggested *en banc* review was in order. Id. Tellingly, the panel opinion noted how Shop in the Grove's outlier status placed parties, and their counsel, "on the horns of a dilemma." Id. at *2. Specifically, the panel opinion noted not only that federal bankruptcy courts are not bound by Shop in the Grove, but also that the Bankruptcy Court in which the Appellants' bankruptcy case is pending is bound by precedent that is contrary to Shop in the Grove. Id.

Indeed, after the parties in this case provided the Bankruptcy Court with a copy of the panel opinion, the Bankruptcy Court entered an October 20, 2020 order enjoining the parties "from filing any briefs in, or in any other way continuing" the parties' appellate proceedings in this Court.[2]

## II.  JUSTIFICATION FOR REHEARING *EN BANC*

---

[2] In addition to appellate case number 3D20-730, there are three related matters pending in our court. In appellate case number 3D20-773, Appellants seek review of lower court orders directing the lower court clerk to schedule an online auction for the sale of certain choses in action owned by Appellants. In appellate case number 3D20-786, Appellants seeks review of a trial court order denying Appellants' motion to dismiss the operative pleading for improper venue. In appellate case number 3D20-820, Appellants seek to prohibit the trial court judge from presiding further over the lower court proceedings in this case.

4

While critical of this Court's <u>Shop in the Grove</u> precedent, the panel opinion noted that the panel was powerless to, on its own, recede from <u>Shop in the Grove</u>; only this Court, sitting *en banc*, may recede from a prior panel's decision. <u>Nat'l Med. Imaging, LLC</u>, 2020 WL 5228979, at *1 n.2. The Bankruptcy Court's injunction order – filed in the multiple appellate cases pending before different panels of this Court – placed into sharp focus the dilemma that our continued adherence to <u>Shop in the Grove</u> places on parties who are involved in bankruptcy proceedings in this Court. Viewed against the backdrop of both the plain text of the automatic stay provision and <u>Shop in the Grove</u>'s outlier status (both of which were highlighted in the panel opinion), the Bankruptcy Court's injunction order provides this Court with sufficient justification to determine, on its own motion, that the issue of whether we should recede from <u>Shop in the Grove</u> is a matter of exceptional importance, and that rehearing *en banc* of the panel opinion is therefore warranted.

## III. ANALYSIS

While the panel opinion touches upon some of the problems posed by <u>Shop in the Grove</u>, we feel it important to, in this *en banc* opinion, detail with more specificity the three principal reasons why we are receding from <u>Shop in the Grove</u>'s long-standing precedent.

A. *The Plain Text of the Automatic Stay Provision Compels Receding from <u>Shop in the Grove</u> and Granting the Stay Motion*

5

Congress enacted the Bankruptcy Reform Act of 1978 ("Act") and included in it a provision that automatically stays all legal proceedings against a debtor upon the debtor's filing of a petition seeking bankruptcy protection. The Act provides, in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of –
>
> > (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]

11 U.S.C.A. § 362(a)(1) (2020).

The Act's text is clear and unambiguous. The debtor's filing of a bankruptcy petition stays any "action or proceeding against the debtor," including the "continuation" of an "action or proceeding against the debtor." Id. When the debtor is a defendant in a legal action, as Appellants are here, the debtor-defendant's appeal of an adverse order or judgment in that legal action, as occurred here, is plainly a "continuation" of the legal action against the debtor. See Pa. Ins. Guar. Ass'n v. Sikes, 590 So. 2d 1051, 1052 (Fla. 3d DCA 1991) ("An appeal is not a new action; it is a continuation of the original proceeding.").

6

Despite reciting the text of the Act's automatic stay provision, <u>Shop in the Grove</u>'s conclusion is not based on the provision's text, but, rather, on two policy-based reasons: (i) the purpose of the automatic stay's "shield" is actually thwarted when the debtor uses the stay as a "sword" to indefinitely suspend the debtor's own efforts to be relieved of an adverse judgment; and (ii) to control this Court's docket, the debtor should be required to "fish or cut bait" and either appeal the adverse judgment or submit the judgment to the bankruptcy court for such relief as the bankruptcy court deems appropriate. <u>Shop in the Grove, Ltd.</u>, 425 So. 2d at 1139.

While <u>Shop in the Grove</u>'s stated policy rationale may seem reasonable, we find the opinion's conclusion to be without support in the clear and unambiguous text of the Act's automatic stay provision. We leave bankruptcy policy to the United States Congress, and will, henceforth, follow the clear Congressional mandate manifested in the text of the automatic stay provision. <u>Guardian Ad Litem v. ViajeHoy, LLC</u>, 299 So. 3d 1130, 1136 (Fla. 3d DCA 2020) (recognizing that "State public policy concerns could not override the express language of the federal statutes and regulations").

B. *Precedent from other Jurisdictions Compels Receding from <u>Shop in the Grove</u> and Granting the Stay Motion*

1. <u>Florida Precedent</u>

There were no Florida cases addressing the Act's automatic stay provision prior to Shop in the Grove.[3] Over time, this Court's conclusion that an appeal initiated by a debtor-defendant is not subject to the automatic stay made it an outlier in the state.

The Fourth District initially followed Shop in the Grove. See Marine Charter & Storage, Ltd. v. All Underwriters at Lloyds of London Subscribing to Cover Notes 2H04/1291, 568 So. 2d 944, 946 (Fla. 4th DCA 1990) ("We do not believe a stay is appropriate and adopt in toto the opinion of Chief Judge Schwartz in [Shop in the Grove]."). Four years later, though, based on burgeoning case law from the federal circuit courts, the Fourth District, in a unanimous *en banc* opinion, receded from Marine Charter & Storage and held that the automatic stay provision applies "on appeal, regardless of whether the debtor is an appellant or appellee, where the original proceedings were against the debtor." Fla. E. Dev. Co., Inc. of Hollywood v. Len-Hal Realty, Inc., 636 So. 2d 756, 758 (Fla. 4th DCA 1994). Following in the

---

[3] The United States Court of Appeals for the Third Circuit had, however, recently determined that the automatic stay provision applied to appeals brought by debtor-defendant. See Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446, 449 (3d Cir. 1982) ("In our view, section 362 should be read to stay all appeals in proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.") (decided July 6, 1982).

steps of the Fourth District, both the Second District[4] and then the First District[5] explicitly rejected Shop in the Grove.[6]

   2. Federal Precedent

Not only is Shop in the Grove now an outlier within Florida, but, at the federal level, there now appears to be unanimous agreement among the circuit courts that the automatic stay provision applies to appellate proceedings where a debtor-defendant has filed an appeal. See, e.g., Simon v. Navon, 116 F.3d 1, 4 (1st Cir. 1997); Commerzanstalt v. Telewide Sys., Inc., 790 F.2d 206, 207 (2d Cir. 1986); Ass'n of St. Croix Condo. Owners, 682 F.2d at 449 (decision by federal third circuit); In re Byrd, 357 F.3d 433, 439 (4th Cir. 2004); Marcus, Stowell & Beye Gov't Sec., Inc. v. Jefferson Inv. Corp., 797 F.2d 227, 230 n.4 (5th Cir. 1986); Cathey v. Johns–Manville Sales Corp., 711 F.2d 60, 62 (6th Cir. 1983); Sheldon v. Munford, Inc., 902 F.2d 7 (7th Cir. 1990); Farley v. Henson, 2 F.3d 273, 275 (8th

---

[4] Crowe Grp., Inc. v. Garner, 691 So. 2d 1089, 1089 (Fla. 2d DCA 1993) (recognizing the decision "expressly and directly conflicts with" Shop in the Grove").

[5] Taylor v. Barnett Bank of N. Cent. Fla., N.A., 737 So. 2d 1105, 1106 (Fla. 1st DCA 1998) (rejecting Shop in the Grove and aligning "with the decisions in Florida Eastern Development and Crowe Group on the issue of the effect of the filing of a suggestion of bankruptcy").

[6] It does not appear that the Fifth District has, in a published opinion, addressed the issue of whether the Act's automatic stay applies when a debtor-defendant initiates the appeal.

9

Cir.1993); Ingersoll–Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1426 (9th Cir. 1987); Ellison v. Nw. Eng'g Co., 707 F.2d 1310, 1311 (11th Cir. 1983); Carley Cap. Grp. v. Fireman's Fund Ins. Co., 889 F.2d 1126, 1127 (D.C. Cir. 1989) (agreeing with Third Circuit's opinion in Ass'n of St. Croix Condo. Owners but holding that the stay did not apply because the underlying action was not *against* the debtor); Seiko Epson Corp. v. Nu-Kote Int'l, Inc., 190 F.3d 1360, 1365 (Fed. Cir. 1999).

Until 2011, the Tenth Circuit held to the minority position that the Act's automatic stay provision does not apply when a debtor-defendant initiates an appeal. However, in an opinion authored by then-Circuit Court Judge Neil Gorsuch, the court overruled its prior interpretation and followed the other circuits in holding that section 362 stays "all appeals in proceedings that were *originally brought* against the debtor, regardless of whether the debtor is the appellant or appellee." TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495, 497 (10th Cir. 2011) (quoting Ass'n of St. Croix Condo. Owners, 682 F.2d at 449).[7]

It should be noted that early Tenth Circuit decisions relied on the leading bankruptcy law treatise in support of the minority position. See Autoskill Inc. v.

---

[7] TW Telecom was a panel decision that was circulated to, and approved, *en banc* by the Tenth Circuit, which is a permissible practice in that jurisdiction. See United States v. Payne, 644 F.3d 1111, 1113 n.2 (10th Cir. 2011).

Nat'l Educ. Support Sys., Inc., 994 F.2d 1476, 1486 (10th Cir. 1993) (citing Collier

on Bankruptcy).  But as the court in TW Telecom explained:

> Collier on Bankruptcy has explicitly rejected our reliance on it to support our minority position. 10 Collier on Bankruptcy ¶ 6009.04 n. 5 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) ("Both [In re Lyngholm and Autoskill Inc.] relied upon an earlier edition of this treatise to support this minority position. However, the reference in the prior edition to 'continued prosecution of actions' was a reference only to actions in which the debtor was the plaintiff, actions not governed by Code section 362(a)(1). Because the reference was not to appeals of cases in which the debtor was a defendant, the Tenth Circuit's reliance on this treatise was inappropriate.").

661 F.3d at 497.

### 3.  Summary of Precedent

In summary, the approach in Shop in Grove is inconsistent with all other

Florida District Courts of Appeal and all federal circuit courts that have addressed

the issue. Shop in the Grove's holding is also at odds with the leading treatise on

bankruptcy law. With respect to the reasoning underlying Shop in the Grove, the

unanimous consensus seems to be that an appeal initiated by a debtor-defendant is a

"continuation . . . of a judicial, administrative, or other action or proceeding against

the debtor" as set forth by the plain language in section 362.  See, e.g., Nat'l Med.

Imaging, LLC, 2020 WL 5228979, at *1 ("[T]he federal bankruptcy code's

automatic stay provision is clear: the debtor's filing of a bankruptcy petition stays

any action or proceeding, including the 'continuation' of an 'action or proceeding

against the debtor.' 11 U.S.C. § 362(a)(1) (2020). When the debtor is a defendant in

11

an action, it seems to us that the debtor-defendant's appeal of an adverse judgment in that action is plainly a 'continuation' of a 'proceeding' against the debtor-defendant."); see also Parker v. Bain, 68 F.3d 1131, 1135-36 (9th Cir. 1995) ("We need not spill a great deal of ink discussing the assertion . . . that an appeal *by* the debtor cannot constitute the continuation of an action *against* the debtor. This Court, as well as seven other courts of appeals, has concluded that the automatic stay can operate to prevent an appeal by a debtor when the action or proceeding below was against the debtor. . . . This rule finds its source in the language of section 362, which extends the automatic stay to the *continuation*, as well as the *commencement*, of an action against the debtor.") (footnote omitted).

### C. *Practical Considerations Compel Receding from* Shop in the Grove *and Granting the Stay Motion*

As mentioned in the panel opinion, this Court's adherence to Shop in the Grove presented significant practical, if not ethical, problems for practitioners, especially multi-jurisdictional practitioners. Nat'l Med. Imaging, LLC, 2020 WL 5228979, at *2. While appellate practitioners could generally rely upon a debtor's filing a petition for bankruptcy protection automatically staying appellate proceedings, the rules were different in Florida's Third District. Here, Shop in the Grove compelled the parties to continue to litigate the appeal, even when the bankruptcy proceedings were occurring in a jurisdiction that had definitively determined that continuation of the appeal violated the automatic stay.

12

Consequently, <u>Shop in the Grove</u> put practitioners, and their clients, in the unenviable position of having to choose whether to violate either (i) the automatic stay imposed by the Act or, alternatively, (ii) orders from this Court denying stay relief.

Lest one think such a dilemma is merely academic, this case presented that very Hobson's choice. After Appellants initiated this appeal, Appellants filed for bankruptcy protection in the Bankruptcy Court, a jurisdiction where a debtor-appellant's bankruptcy filing automatically stays all appellate proceedings, irrespective of whether the appellant is the debtor or the creditor. <u>See</u> <u>Ass'n of St. Croix Condo. Owners</u>, 682 F.2d at 449. In reliance upon <u>Shop in the Grove</u>, though, we issued the panel opinion that denied Appellee's stay motion and required Appellee to file its answer brief. The Bankruptcy Court made short shrift of our panel opinion, and, notwithstanding same, affirmatively enjoined the parties from filing anything in our Court, except for, of course, a copy of the Bankruptcy Court's injunction order.

Upon our review of the Bankruptcy Court's injunction order, and, in appreciation of the dilemma that our continued adherence to <u>Shop in the Grove</u> has caused, we take the hint.

**IV.  CONCLUSION**

13

We conclude that the issue adjudicated in <u>Shop in the Grove</u> is of exceptional importance, requiring rehearing *en banc* of the panel opinion. We recede from <u>Shop in the Grove</u> because its principal conclusion – that an appeal initiated by the debtor-defendant is not subject to Section 362(a)'s automatic stay provision – is not supported by the text of the stay provision, is contrary to virtually all precedent from all other jurisdictions, and because it sometimes forces parties and their counsel into untenable positions.

We, therefore, also recede from panel opinion's denial of the stay motion. We grant the stay motion, and stay proceedings in this appeal pending further order of the Bankruptcy Court.

Stay motion granted.[8]

EMAS, C.J., and FERNANDEZ, LOGUE, LINDSEY, HENDON, MILLER, GORDO, and LOBREE, JJ., concur.

---

[8] Because this *en banc* opinion adjudicates an interlocutory, procedural issue, upon this opinion becoming final, the *en banc* Court will no longer exercise jurisdiction to adjudicate further matters in this appeal. Such jurisdiction will be relinquished to, as appropriate, a temporary panel or a merits panel.

LOGUE, J. (concurring).

I concur in the majority opinion receding from Shop in the Grove, Ltd. v. Union Fed. Sav. & Loan Ass'n of Miami, 425 So. 2d 1138 (Fla. 3d DCA 1982). I write only to point out that we are adopting almost word-for-word the legal interpretation of section 362(a)(1) of the United States Bankruptcy Code put forward some forty years ago by Judge Wilkie D. Ferguson, Jr. of our Court in his dissent.

Shop in the Grove concerned the issue of whether an appeal by a debtor of an adverse judgment qualified as a "continuation . . . of a judicial . . . proceeding against the debtor" under the Bankruptcy Code and therefore automatically stayed. The majority in Shop in the Grove held it was not. Judge Ferguson dissented, writing:

> . . . The requirement imposed upon an appellant-debtor by the majority to "fish or cut bait" translates into a Hobson's choice between waiver of bankruptcy for the purpose of an appeal from the adverse judgment or conceding the contested debt in order to seek relief in the bankruptcy court. I am aware of no rule of bankruptcy law or federal procedure that would require such an election. In my opinion the appeal by the appellant-debtor from a judgment against it is a continuation of the judicial proceeding against debtor, clearly within the purview of the Act's automatic stay provision.

Id. at 1140 (Ferguson, J. dissenting).

When Judge Ferguson issued his dissent in 1982, the "new" form of the Bankruptcy Code was only four years old. Over the ensuing decades, as the majority

15

points out, every state and federal court that considered the issue reached the interpretation first put forward by Judge Ferguson. The judgment of this soft spoken, scholarly, and insightful jurist has stood the test of time on this highly technical issue of commercial law, as it has in so many matters reaching to civil rights and constitutional law.[9] Although known for his gracious good will and punctilious courtesy, Judge Ferguson did not hesitate to chide lawyers and even colleagues for indulging in cant[10] or legal obscurities.[11]

---

[9] See, e.g., Cramer v. Chiles, 33 F. Supp. 2d 1342, 1352 (S.D. Fla. 1999) (upholding constitutional and statutory rights of disabled persons to home and community-based treatment in a decision that caused the State of Florida to substantially increase its funding of these programs).

[10] See, e.g., Allstate Ins. Co. v. Metro. Dade Cnty., 436 So. 2d 976, 980 (Fla. 3d DCA 1983) (Ferguson, J., concurring) ("I write only to express disapproval of the attempt to distinguish and salvage our earlier opinion in Fireman's Fund Insurance Co. v. Rojas, 409 So. 2d 1166 (Fla. 3d DCA 1982). Rojas blurred the differences between indemnification and subrogation to an incorrect conclusion and should be revisited solely for the purpose of giving it a decent burial.").

[11] See, e.g., Cramer, 33 F. Supp. 2d at 1352, n.4 ("In discussing the notice issue the parties have used the term 'procedural due process' which I shun because it is, as one commentator observed, redundant. John Hart Ely, Democracy and Distrust 18 (1980). The word following 'Due' in the Fourteenth Amendment is 'Process' the writer notes, which is the same as procedure. Process is defined as a 'normal course of procedure.' Black's Law Dictionary 1205 (6th Ed. 1992). By the same token, he continues, 'substantive due process' is a contradiction in terms. A right in the constitutional sense, generally, is either substantive or procedural. Writers who use substantive or procedural to describe due process appear trapped and the work product may lack clarity. There is no doubt that this discourse on advance notice and opportunity to be heard is about procedural fairness. Saying it twice is unnecessary.").

Judge Ferguson was born in 1938 to Bahamian immigrants and was raised in Miami's Liberty Square public housing project.  He joined the U.S. Army and rose to the rank of captain. He obtained his B.A. from Florida A&M University and his J.D. from Howard University School of Law. He served on this Court from 1980 to 1993 until he was appointed to the federal district court for the Southern District of Florida where he served with distinction until shortly before his death in 2003. The Congress of the United States named the federal courthouse in Miami in his honor.

As this case comes full circle, and we adopt the position first advocated by Judge Ferguson almost forty years ago, I think it is fit and proper to bear in mind we are following in the footsteps of this distinguished, past member of our conference.