**In re Stephen S. MEREDITH, Chapter 7 Debtor.**

**No. 03–34018–DOT.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Aug. 19, 2005.

4. A draft order was prepared by counsel, but has not been entered.

Richard O. Gates, Chesterfield, VA, for Debtor.

### MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, JR., Chief Judge.

Debtor Stephen S. Meredith moves the court to modify the automatic stay of 11 U.S.C. § 362(a) for the purpose of allowing debtor to pursue an appeal of a final order entered on April 4, 2003, by the Circuit Court of Henrico County, Virginia, in a lawsuit entitled *Nadine Blackford and R & N Accounting Services, Inc. v. Stephen S. Meredith and Stephen S. Meredith, CPA, PC*, Case No. CL 02–240. In that action, plaintiff Blackford was awarded judgment against the defendants in the amount of $200,000.00 on grounds of defamation. Following entry of the judgment, debtor filed the instant bankruptcy case on April 22, 2003, as a chapter 13. On February 26, 2004, this court entered an order converting the chapter 13 case to a case under chapter 7. The conversion to chapter 7 was affirmed by the United States District Court on October 18, 2004. Bruce E. Robinson serves as chapter 7 trustee. He is represented by special counsel who has also served as counsel for Blackford.

Debtor's present motion was filed on November 23, 2004, followed by an objection by the trustee. Hearing on the motion was held December 21, 2004, and the court took ruling under advisement.

For reasons stated in this opinion, the debtor's motion to modify stay will be granted.

### Debtor's Motion to Modify Stay.

Debtor requests the court to modify the stay for the purpose of giving the Henrico Circuit Court "jurisdiction" to consider a motion in that court to reconsider the Blackford judgment and to pursue any appeal that might be taken from a final judgment by the state court. The motion asserts that there are still post-trial remedies that may be pursued, and debtor now wishes to proceed with them. Following the hearing on January 3, 2005, debtor's counsel sent the court a letter advancing further argument in support of the motion and urging the court to impose Rule 9011 sanctions against the trustee and his counsel for "misleading" the court by making misstatements of fact and law.

*Trustee's Objection to Motion
to Modify Stay.*

The trustee makes several arguments, including the assertion that debtor's motion violates Fed. R. Bankr.P. 9011 because it is brought to cause unnecessary delay or needless increase in the cost of litigation and that the motion is not warranted by existing law or by non-frivolous argument to change existing law. The main thrust of the trustee's position is that § 362 is inapplicable because the filing of a notice of appeal is not a commencement or continuation of a proceeding against the debtor. Moreover, § 362 does not indefinitely stay the running of statutory time periods. Rather, the issue is controlled by Code § 108, which grants various extensions of time for taking actions following the filing of a bankruptcy petition, and debtor does not have standing to claim these benefits. Section 108(b) applies when an appeal is not pending at the time a petition is filed and the time fixed under non-bankruptcy law to file a notice of appeal is set to expire. Even if debtor has standing, he is time barred from proceeding on the appeal by § 108(b) because this section gave debtor just 60 days from the order for relief to note an appeal. This time has long since expired.

*Discussion and Conclusions.*

 This case raises the question of the effect of the automatic stay and its tolling effect on the appeal period of a pre-bankruptcy lawsuit in which the debtor originally was the defendant. The Eighth Circuit has addressed this precise issue in *In re Hoffinger Industries, Inc.,* 329 F.3d 948 (8th Cir.2003). In *Hoffinger,* a creditor had obtained a $13,000,000.00 judgment against the debtor in a state court products liability case. Before the expiration of the appeal period, debtor filed a chapter 11 bankruptcy case. The Eighth Circuit found that the relevant statutory provision in this circumstance is § 108(c), which provides:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) The end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c).

The court specifically held that § 108(b), which requires that any appeal be filed by the later of the end of the statutory appeal period or sixty days after the filing of the bankruptcy case, was inapplicable. 329 F.3d at 952. The court pointed out that § 362(a)(1)'s language providing the stay of "continuation" of a judicial "proceeding against the debtor" is an "obvious fit" with the language of § 108(c) addressing "commencing or continuing a civil action … against the debtor." *Id.* Thus, the appeal period in a suit against a debtor is effectively tolled by the automatic stay of § 362(a) and begins to run again according to the provisions of § 108(c).

Further, the court noted that the provisions of § 108(c) were not available to creditors only, despite the fact that the section is generally invoked by creditors,

because such an interpretation would be "impractical and unworkable." *Id.* at 953. The relief of § 108(c) does not turn upon the party seeking the relief but rather upon the relief sought and the circumstances under which it is sought.

This court agrees with the analysis applied by the Eighth Circuit in *Hoffinger.* The position is summed up in a noted treatise:

Thus, when the debtor has a deadline for filing an appeal prior to bankruptcy, if the action was originally brought against the debtor, the trustee [or debtor-in-possession] need not meet the 60 day time limit of section 108(b) since the action would have been stayed by section 362. There is no need to file pleadings or other briefs in a proceeding which has been stayed; section 108(c) will be applicable if the stay terminates.

2 COLLIER ON BANKRUPTCY ¶ 108.03[2] (Alan N. Resnick and Henry J. Sommer, eds., 15th rev. ed.2003) (citations omitted).[1] The plain language of § 108(c) fits the situation at hand perfectly. The action was originally against the debtor, and so it was stayed by the provisions of § 362(a).[2] The appeal period, specified by Rule 5:9 of the Virginia Supreme Court Rules (applicable non-bankruptcy law) had not expired before the bankruptcy case was filed.[3] Thus, § 108(c) provides that the appeal period will not expire until 30 days after notice that the automatic stay has terminated or has expired. Accordingly, if this court relieves debtor from the constraints of the automatic stay to file an appeal, debtor must file the appeal no later than 30 days from notice of the order terminating the stay.[4]

■ Having determined that the automatic stay has tolled the appeal period and that if the automatic stay is lifted, debtor may pursue his appeal, the court must address whether to relieve debtor from the restrictions of the automatic stay. Under Code § 362(d), the court may grant relief from stay "for cause, including the lack of adequate protection in property ...." 11 U.S.C. § 362(d)(1). Pursuant to 11 U.S.C. § 362(d)(1), "the court *shall* grant relief from the [automatic] stay ... for cause, including the lack of adequate protection of an interest in property of such party in interest." *Id.* (emphasis added).

■ The Bankruptcy Code does not define "for cause," leaving the courts to make this determination on a case by case basis. *See In re Robinson,* 169 B.R. 356 (E.D.Va.1994). In doing so, the court "must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Robbins v. Robbins (In re Robbins),* 964 F.2d 342, 345 (4th Cir.1992); *Stone Street Servs., Inc. v. Granati (In re Granati),* 271 B.R. 89, 93 (Bankr.E.D.Va.2001) (quoting *Robbins*).

The situation here is unusual in that it is the debtor who seeks relief to pursue litigation in a state court by way of an appeal of a pre-petition monetary judgment against him. An appeal of the judgment is

---

**1.** While the debtor in *Hoffinger* was a chapter 11 debtor-in-possession, the court will apply the same analysis to a chapter 7 debtor.

**2.** The applicability of the automatic stay to a debtor's appeal of a judgment against him has been established by the Fourth Circuit in *Platinum Financial Services Corp. v. Byrd (In re Byrd),* 357 F.3d 433, 439 (4th Cir.2004).

**3.** Specifically, the Rule provides that an appeal will not be allowed unless appellant properly files a notice of appeal within 30 days of the entry of final judgment.

**4.** I do not agree with the trustee's position that the court has previously ruled against debtor on this issue.

the only remedy available to Meredith if he wishes to contest the state court judgment, because the *Rooker–Feldman* doctrine prevents this court's review of the judgment, which must stand unless reversed by the Virginia Supreme Court. *Am. Reliable Ins. Co. v. Stillwell,* 336 F.3d 311 (4th Cir.2003).[5]

Meredith's motion to modify stay for purposes of appealing the Blackford judgment states simply that "there are still appropriate post-trial remedies that may be pursued." The motion was filed almost 18 months after he filed this bankruptcy case and almost a year after the case was converted to chapter 7. Meredith apparently decided to appeal the state court judgment only after losing his appeal of this court's order converting the case to chapter 7. The motion came also after this court had scheduled trial on a complaint seeking to except the state judgment from debtor's discharge and also a complaint objecting to discharge. Consolidated trial on these complaints has now been held. These circumstances all seem to support the trustee's argument that an appeal is merely a delay tactic, a position supported by debtor's previous conduct that caused the court to convert the case to chapter 7 in the first place.

Nevertheless, debtor's motion presents a dilemma for the court. Contrary to the trustee's argument, he need not delay his administration of the bankruptcy estate. Debtor has not requested any delay, and he has not objected to Blackford's claim. Neither did debtor oppose the recent trial on the dischargeability and denial of discharge adversary proceedings, and the court is in a position to issue rulings on these complaints long before any appeal could be decided. It must be recognized, however, that because the appeal period remains open, Blackford's claim remains somewhat in limbo because she does not hold a final judgment. The Virginia Supreme Court has held "that a judgment is not final for the purposes of *res judicata* or collateral estoppel when it is being appealed or when the time limits fixed for perfecting the appeal have not expired." *Faison v. Hudson,* 243 Va. 413, 417 S.E.2d 302, 305 (1992).

The court has considered the impact of an appeal of the Blackford judgment upon the two discharge adversary proceedings pending before the court. However, in those proceedings, the question is not the validity of the state court judgment itself but the issue of whether Blackford's claim is to be discharged pursuant to provisions of either § 523 or § 727 of the Bankruptcy Code. Even if the judgment is not *res judicata* it may be considered evidence of Blackford's claim. At trial in this court on the adversary proceedings, debtor agreed that the court could consider as evidence the trial transcript before the Henrico Circuit Court. Of course, while *res judicata*

---

**5.** The *Rooker–Feldman* doctrine prohibits lower federal courts from sitting in review of state court decisions. Further, it extends to bar the federal courts from entertaining claims that are "inextricably intertwined" with a state court judgment. *Jordahl v. Dem. Party of Va.,* 122 F.3d 192, 199 (4th Cir.1997), *cert. denied* 522 U.S. 1077, 118 S.Ct. 856, 139 L.Ed.2d 756 (1998). The doctrine also extends to bar a lower federal court from reviewing decisions of the lower courts of a state. *See, e.g., Port Auth. Police Benevolent Ass'n v. Port Auth. of N.Y. and N.J. Police Dep't,* 973 F.2d 169, 177 (3d Cir.1992). *Rooker–Feldman* is a jurisdictional rule arising from the interpretation of the grant of jurisdiction to the Supreme Court in 28 U.S.C. § 1257. That section allows only the Supreme Court to review the final judgments of the highest court of a state. The doctrine derives its name from the two cases seminal in the establishment of the doctrine, *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

and *Rooker–Feldman* may not bar this court's consideration of the bankruptcy issues, there still exists the possibility of disparate results in the state and bankruptcy forums.

Considering the lingering questions about Blackford's claim, the court finds cause to grant debtor's motion for relief from the automatic stay for purposes of filing and pursuing an appeal of Blackford's judgment. Even if the motion were denied at this time, the time to appeal would remain open, and debtor could pursue the appeal when the automatic stay terminates pursuant to Code § 362(c)(2).

 Finally, both parties assert that the other should be sanctioned under Rule 9011. It is not the first time Rule 9011 has been invoked in this case. The court finds no merit in either of the present requests and cautions counsel that Rule 9011 is not to be so flimsily asserted. Debtor's counsel asks for sanctions not by motion but by letter to the court. Counsel should know better, and such a request requires summary denial for failure to follow the court's procedures.

*Summary of Conclusions.*

The court finds 1) that the Circuit Court of Henrico County, Virginia, entered a final order on April 4, 2003, against debtor in a lawsuit entitled *Nadine Blackford and R & N Accounting Services, Inc. v. Stephen S. Meredith and Stephen S. Meredith, CPA, PC*, Case No. CL 02–240; 2) that pursuant to Rule 5:9 of the Virginia Supreme Court Rules, debtor had 30 days from entry of the final judgment to file an appeal from the circuit court's order; 3) that debtor Stephen S. Meredith filed this bankruptcy case on April 22, 2003; 4) that pursuant to 11 U.S.C. § 108(c) debtor's filing of this bankruptcy case on April 22, 2003, extended the time for debtor to file an appeal until 30 days after this court grants debtor relief from stay to pursue the appeal; and 5) the court finds cause to grant debtor relief from stay to file an appeal of the Henrico Circuit Court order of April 4, 2003, pursuant to Virginia law.

Accordingly,

**IT IS ORDERED** that debtor's motion to modify the automatic stay of 11 U.S.C. § 362(a) is granted, and

**IT IS ORDERED** that the automatic stay is modified for the purpose of allowing debtor to pursue an appeal of the final order entered on April 4, 2003, by the Circuit Court of Henrico County, Virginia, in Case No. CL 02–240.

**IT IS FURTHER ORDERED** that debtor has 30 days after entry of this order terminating the automatic stay under § 362 to file an appeal in accordance with Virginia law of the circuit court's order of April 4, 2003. Debtor is barred from filing an appeal more than 30 days after entry of this order.

**IT IS FURTHER ORDERED** that the motions for Rule 9011 sanctions of both parties are denied.