PER CURIAM.
 

 On October 13, 2009, Jennifer Cassell filed a notice of appeal seeking review of a “Final Order of Modification” entered below on March 17, 2009. The order, among other things, modified custody of the parties’ minor child and terminated the child support obligations of appellee, Eugenio Erquiaga. As to the child support, the order provided that the appellant “shall owe child support to Father [appellee], based on Florida Child Support Guidelines” and directed the parties to submit a joint child support worksheet and proposed order for the court’s consideration.
 
 Sua sponte
 
 this court issued an order directing appellant to show cause why the appeal should not be dismissed for lack of jurisdiction. Having considered appellant’s response to the show cause order, this appeal is dismissed for lack of jurisdiction.
 

 The March 17, 2009 order was a non-final order because it contemplated additional judicial labor to establish the amount of child support payable by appellant which would eventually culminate in an appealable final order. Although the March 17, 2009 order was an appealable non-final order under rule 9.130(a)(3)(C)(iii), Florida Rules of Appel
 
 *144
 
 late Procedure, a notice of appeal was required to be filed within 30 days of the rendition of the order. Rule 9.130(b), Fla. R.App. P. Further, appellant’s argument that her motion for rehearing suspended rendition of the March 17 order is without merit. Appellant’s motion for rehearing was not authorized because it was directed toward a non-final order,
 
 Ward v. Bragg,
 
 957 So.2d 670, 670-71 (Fla. 1st DCA 2007);
 
 Wagner v. Bieley, Wagner & Assoc., Inc.,
 
 263 So.2d 1 (Fla.1972), and, accordingly, did not suspend rendition.
 
 See
 
 Fla.R.App. P. 9.020(h).
 

 HAWKES, C.J., WEBSTER, and VAN NORTWICK, JJ., concur.