NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AmMED SURGICAL EQUIPMENT,　)
LLC, a Florida limited liability company,　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　　Case No.　2D14-4968
　　　　　　　　　　　　　　　　　)
PROFESSIONAL MEDICAL BILLING　)
SPECIALISTS, LLC, a New Jersey　)
limited liability company; and　　　)
BARRY M. SNYDER,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Appellees.　　　　　)
_____ )

Opinion filed February 6, 2015.

Appeal pursuant to Fla. R. App. P.
9.130 from the Circuit Court for
Hillsborough County; Paul L. Huey,
Judge.

Stuart Jay Levine and Heather A.
DeGrave of Walters, Levine,
Klingensmith and Thomison, Tampa,
for Appellant.

Eric R. Pellenbarg, Phelps Dunbar
LLP, Tampa; Abraham M. Shakefeh,
Tampa; and Joshua A. Law, Law Legal
Group, P.A., Tampa, for Appellees.

**ORDER DISCHARGING ORDER TO SHOW CAUSE**

WALLACE, Judge.

In this case, we consider an unusual circumstance under which we find that this court has jurisdiction to review an order for which the notice of appeal was filed more than thirty days after rendition. This appeal apparently suffers from two potential, and seemingly competing, infirmities: it was filed on the seventieth day following rendition of the order challenged, and it was filed after the appellant, AmMed Surgical Equipment, LLC (AmMed Surgical), had filed a petition under Chapter 11 of the Bankruptcy Code. Upon receipt of the notice of appeal, we issued an order directing AmMed Surgical to show cause why the appeal should not be dismissed as untimely. After reviewing AmMed Surgical's response to this court's order to show cause and the applicable provisions of the Bankruptcy Code, we discharge the order to show cause so that the appeal may proceed once the bankruptcy stay is fully lifted.

Professional Medical Billing Specialists, LLC (Professional Medical Billing), filed an action in the circuit court against AmMed Surgical. A preliminary injunction in favor of Professional Medical Billing and against AmMed Surgical was rendered on August 12, 2014. On August 22, before the thirty-day deadline for filing the notice of appeal, AmMed filed a Chapter 11 petition in the United States Bankruptcy Court for the Middle District of Florida. On October 21, AmMed Surgical obtained an order from the bankruptcy court lifting the bankruptcy stay for the limited purpose of allowing AmMed Surgical to file a notice of appeal of the adverse preliminary injunction order. Later that day, AmMed Surgical filed its notice of appeal with the clerk of the circuit court.

In accordance with Florida Rule of Appellate Procedure 9.130(a)(3)(B), the preliminary injunction is an appealable nonfinal order. Rule 9.130(b) provides further that the jurisdiction of the appellate court over certain categories of nonfinal orders issued by a trial court is "invoked by filing a notice . . . with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed." In this case, AmMed Surgical filed the notice of appeal on the seventieth day following rendition, a circumstance that would ordinarily leave this court without jurisdiction to entertain the appeal.

However, the Bankruptcy Code provides that a filing of a petition in bankruptcy

> operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1) (2012). In addition, section 108 of the Bankruptcy Code contains this tolling provision:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . of this title, . . . with respect to such claim.

We conclude that the filing of a notice of appeal in state court should be considered the "continuation . . . of a judicial . . . proceeding against" the appellant.[1] 11 U.S.C. § 362(a)(1). More significantly, we conclude that under the Supremacy Clause of the United States Constitution,[2] rule 9.130(b) must yield to the provisions of the Bankruptcy Code just cited. "It is a familiar and well-established principle that the Supremacy Clause invalidates state laws that 'interfere with, or are contrary to,' federal law." Hillsborough Cnty., Fla. v. Automated Med. Labs., Inc., 471 U.S. 707, 712-13 (1985) (citation omitted) (quoting Gibbons v. Ogden, 9 Wheat. 1, 211, 6 L. Ed. 23 (1824) (Marshall, C.J.)). Furthermore,

> [e]ven where Congress has not completely displaced state regulation in a specific area, state law is nullified to the extent that it actually conflicts with federal law. Such a conflict arises when "compliance with both federal and state regulations is a physical impossibility," Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142-143 (1963) . . . .

Id. at 713.

"Deciding whether a state statute is in conflict with a federal statute and hence invalid under the Supremacy Clause is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict." Perez v. Campbell, 402 U.S. 637, 644 (1971).

---

[1]Although it was the defendant/debtor that filed the notice of appeal, the appeal is considered to be the continuation of a proceeding "against the debtor," under 11 U.S.C. § 362(a)(1). See, e.g., Crowe Grp., Inc. v. Garner, 691 So. 2d 1089, 1089 (Fla. 2d DCA 1993); Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1426 (9th Cir. 1987),

[2]U.S. Const. art. VI, cl. 2.

The construction of rule 9.130(b) is quite straightforward. The thirty-day deadline is jurisdictional; an appeal filed after the deadline must be dismissed. See, e.g., Cassell v. Erquiaga, 28 So. 3d 143, 143-44 (Fla. 1st DCA 2010).[3]

Federal case law construing the relevant provisions of the Bankruptcy Code, while not voluminous, also seems clear. A notice of appeal filed in a federal appellate court following the filing of a bankruptcy petition is ineffective to confer jurisdiction on the court. See Parker v. Bain, 68 F.3d 1131, 1138 (9th Cir. 1995) ("[Appellant] filed his Notice of Appeal . . . six days after the filing of his petition in bankruptcy gave rise to the automatic stay. Because any act taken in violation of the automatic stay is void, the Notice of Appeal is ineffective to the extent it purports to confer jurisdiction on this Court . . . ." (citation omitted)); Crowe Grp., Inc. v. Garner, 691 So. 2d 1089, 1089 (Fla. 2d DCA 1993) (holding that the automatic stay applies to the debtor's appeal of an order entered in action brought against the debtor in the lower court). The Eighth Circuit has ruled as follows with regard to Arkansas's notice-of-appeal deadline:

> [W]e reject [creditor]'s reliance on Johnson v. First Nat'l Bank of Montevideo, Minn., 719 F.2d 270 (8th Cir. 1983), for the proposition that, although the appeal is stayed, the period to file the notice of appeal is not suspended by the automatic stay. . . . Since we believe that the filing of the notice of appeal in state court is one aspect of a continuation of a judicial "proceeding against a debtor," and thus stayed by § 362(a)(1), see, e.g., Parker v. Bain, 68 F.3d 1131, 1138 (9th Cir. 1995), we also believe that it is encompassed within the plain meaning of § 108(c), and therefore that the

---

[3]The same is true of rule 9.110(b), which also sets the notice-of-appeal deadline for final orders at thirty days from rendition. See, e.g., First Nat'l Bank in Fort Myers v. Fla. Unemployment Appeals Comm'n, 461 So. 2d 208, 208 (Fla. 1st DCA 1984) (holding that in the appeal of a final order, the "[f]ailure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect").

- 5 -

deadline to file the notice of appeal is extended by
§ 108(c)(2) until at least thirty days after notice of the stay's
termination or expiration.

In re Hoffinger Indus., Inc., 329 F.3d 948, 953 (8th Cir. 2003) (citation omitted).

Because it appears that Florida's appellate rule and the Bankruptcy Code are in conflict such that it would be a "physical impossibility," Automated Med. Labs., 471 U.S. at 713, for an appellant to observe both of them and ensure that a state appellate court gains jurisdiction over an appeal, we conclude that 11 U.S.C. §§ 362(a) and 108(c) prevail over rule 9.130(b).  As a result, the filing of the bankruptcy petition within the notice-of-appeal period prevented AmMed Surgical from filing a notice of appeal within thirty days of rendition of the challenged order but allowed AmMed Surgical to file the notice within thirty days of the order lifting the bankruptcy stay.  See Hoffinger Indus., 329 F.3d at 952-54; In re Meredith, 337 B.R. 574, 576-77 (Bankr. E.D. Va. 2005).  Accordingly, this court has jurisdiction over AmMed Surgical's appeal.

Because the bankruptcy court's order authorized only the filing of a notice of appeal at this stage, the stay of this appeal remains in effect until further order of the bankruptcy court.  See 11 U.S.C. § 362(a)(1).  AmMed Surgical shall notify this court promptly in the event the bankruptcy court lifts the stay to permit this appeal to proceed.  In addition, AmMed Surgical shall provide this court with a copy of the bankruptcy court's order.

Order to show cause discharged.


ALTENBERND and BLACK, JJ., Concur.