NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PHILIP D. HEWETT,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D15-1074
                                     )
WELLS FARGO BANK, N. A.,             )
AS TRUSTEE,                          )
                                     )
            Appellee.                )
                                     )
_____ )

Opinion filed June 1, 2016.

Appeal from the Circuit Court for
Lee County; Franklin Baker, Senior
Judge.

Philip D. Hewett, pro se.

Jason Joseph, Gladstone
Law Group, P. A.,
Boca Raton, for Appellee Wells Fargo
Bank as Trustee.

John R. Chiles and Nicholas S. Agnello,
Burr & Forman, LLP,
Fort Lauderdale, for Appellee
Wells Fargo Bank as Trustee.

LUCAS, Judge.

Wells Fargo has filed a motion to dismiss this appeal of a final judgment of foreclosure, arguing that the homeowner, Philip Hewett, failed to invoke our court's jurisdiction with a properly filed notice of appeal. Specifically, Wells Fargo contends that the only notice of appeal Mr. Hewett ever filed, although admittedly timely, was nevertheless void by virtue of his then-pending bankruptcy petition, which Mr. Hewett had filed seven days before filing his notice of appeal. Although deciding Wells Fargo's motion potentially implicates a number of problematic issues, it is our court's precedent that leads us to conclude that the motion is well taken.

We begin with the procedural context that brings this case before us, which we would note at the outset is a posture perhaps not uncommon in foreclosure litigation. The circuit court's final judgment of foreclosure of Mr. Hewett's home was rendered on February 27, 2015, when the order denying Mr. Hewett's motion for rehearing and new trial was filed with the clerk of the circuit court. See Fla. R. App. P. 9.020(i)(1). On March 2, 2015, Mr. Hewett filed a petition for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. Then on March 9 Mr. Hewett filed with the clerk of the Lee County circuit court a notice of appeal challenging the foreclosure judgment. Without argument, were it not for the filing of his bankruptcy petition, Mr. Hewett's notice would have been timely filed to invoke our jurisdiction. See Fla. R. App. P. 9.110(b).

However, the federal Bankruptcy Code provides that a filing of a petition in bankruptcy

- 2 -

operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1) (2012). In AmMed Surgical Equipment, LLC v. Professional Medical Billing Specialists, LLC, we concluded that "the filing of a notice of appeal in state court should be considered the 'continuation . . . of a judicial . . . proceeding against' the appellant" that would be prohibited by the automatic stay. 162 So. 3d 209, 211 (Fla. 2d DCA 2015) (quoting 11 U.S.C. § 362(a)(1)). We further observed that the filing of a bankruptcy petition by a debtor "prevented AmMed Surgical from filing a notice of appeal" within the thirty-day deadline of rule 9.110(b). Id. at 212.

These two principles we announced in AmMed—that a notice of appeal is a continuation of a judicial proceeding, and that the Bankruptcy Code prohibits the filing of such a notice during an automatic stay—comport with the broader (and broadly held) view that the filing of a notice of appeal during the pendency of a bankruptcy stay should be deemed void as a violation of the automatic stay. See Ellis v. Consol. Diesel Elec. Corp., 894 F.2d 371, 372 (10th Cir. 1990) ("It is well established that any action taken in violation of the stay is void and without effect." (citing Kalb v. Feuerstein, 308 U.S. 433, 438 (1940) (construing a stay provision found in a previous version of the Bankruptcy Code))); accord Bronson v. U.S., 46 F.3d 1573, 1577 (Fed. Cir. 1995) ("A majority of the circuits have held that actions taken in violation of the automatic stay are void."); Onaka v. Onaka, 146 P.3d 89, 95 (Haw. 2006) ("Actions that are void have no legal effect. Applying that definition, the situation wherein two notices of appeal have

- 3 -

been filed without legal effect is the functional equivalent of the situation wherein no notice of appeal has been filed." (citation omitted)); In re Cty. Treasurer & Ex Officio Cty. Collector of Cook Cty., 719 N.E.2d 143, 150-51 (Ill. App. Ct. 1999) ("Because Cambridge's motion to reconsider and its notice of appeal were filed in violation of the [automatic] stay, they were void."); Burrhus v. M & S Mach. & Supply Co., 897 S.W.2d 871, 873 (Tex. App. 1995) ("[W]e hold that all actions relating to judicial proceedings taken while the stay is in effect are void. The prosecution of an appeal is a judicial proceeding."). Consistent with AmMed, we agree with these holdings.[1] Therefore, since the only notice of appeal Mr. Hewett ever filed was a nullity, we are without jurisdiction to consider his appeal.

We are not without some reservations about this conclusion. That the Bankruptcy Code stays the continuation of a judicial proceeding in state court, including the filing of a notice of appeal, once a bankruptcy petition has been filed is relatively

---

[1]To hold otherwise—that is, to construe the notice of appeal as merely voidable, or something which effectuates a kind of "placeholder" status for an appellant while its appeal is stayed pending bankruptcy—raises difficult conceptual problems. Such a construction would effectively condone a continuation of a state court proceeding that section 362(a)(1) of the Bankruptcy Code plainly prohibits. It would, in essence, give some effect to a filing that cannot have effect. The "exception" articulated by some federal circuit courts, that an automatic stay could be deemed voidable because a bankruptcy court is empowered to retroactively annul an automatic stay, while an interesting point of contention, has no application here. See In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994) (noting that 11 U.S.C. § 362(d) affords bankruptcy courts power to grant relief, including "annulling" a previously entered automatic stay). Simply put, our state's courts do not enjoy a concomitant power to annul an automatic stay in bankruptcy. We also note, not incidentally, that Mr. Hewett failed to avail himself either of this retroactive remedy or of his ability to move the bankruptcy court to lift the stay before he filed his notice of appeal. See 11 U.S.C. § 362(d); cf. also Constitution Bank v. Tubbs, 68 F.3d 685, 694 (3d Cir. 1995) ("No party has submitted any evidence that the bankruptcy court has granted such relief in order to permit [appellant] to pursue its present appeal . . . .").

clear.  That such a filing would be void necessarily flows from this interpretation of the Bankruptcy Code.  However, the Bankruptcy Code may not, in itself, resolve the very pragmatic concern of how to then measure the jurisdictional deadlines set forth in our rules of appellate procedure once an automatic stay ceases.

To be sure, the Bankruptcy Code provides extended, substitute deadlines for "continuing a civil action" after an automatic stay has expired or been terminated.  See 11 U.S.C. § 108(c).[2]  Were we in a position to simply engraft that section of the federal Bankruptcy Code into our State's rules of appellate procedure, then the dismissal of Mr. Hewett's appeal, and what appellants in Mr. Hewett's circumstance ought to do to invoke our court's jurisdiction after their bankruptcy cases have concluded, could be easily resolved.[3]  But we do not have that power.  See Fla. Const.

_____

[2]This statutory subsection provides:

Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362 . . . of this title . . . with respect to such claim.

[3]Interestingly, the Supreme Court of Hawaii appears to have adopted this very approach by promulgating an appellate rule consistent with 11 U.S.C. 108(c)(2).  See Haw. R. App. P. 54(a).  We recognize that in AmMed, 162 So. 3d at 212, we held that a notice of appeal filed seventy days after an order's rendition could confer jurisdiction in our court because the notice's timely filing had been prohibited by a bankruptcy automatic stay, which was later lifted.  We find that portion of the holding in

- 5 -

art. V, § 2(a) ("The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review . . . ."); Jenne v. Maranto, 825 So. 2d 409, 414 (Fla. 4th DCA 2002) ("But we are not the supreme court and lack the power to make jurisdictional changes in the Rules of Appellate Procedure.").  And it is not entirely clear whether Congress has that power either.

Although Congress may exercise plenary power under the Constitution to "establish . . . uniform Laws on the subject of Bankruptcies throughout the United States," art. I, § 8, cl. 4, U.S. Const.; see also Kalb v. Feuerstein, 308 U.S. 433, 439 (1940) ("The Constitution grants Congress exclusive power to regulate bankruptcy and under this power Congress can limit that jurisdiction which courts, State or Federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law."), the reach of that power might not extend so far as to alter state judicial *procedures* within state court proceedings:

> Without any doubt it rests with each state to prescribe the jurisdiction of its appellate courts, the mode and time of invoking that jurisdiction, and the rules of practice to be applied in its exercise; and the state law and practice in this regard are no less applicable when Federal rights are in controversy than when the case turns entirely upon questions of local or general law.

John v. Paullin, 231 U.S. 583, 585 (1913); see also Sun Oil Co. v. Wortman, 486 U.S. 717, 728 (1988) ("[M]atters generally treated as procedural under conflicts law [are] . . . generally regarded as within the forum State's legislative jurisdiction."); Suesz v. Med-1 Sols., LLC, 757 F.3d 636, 651 (7th Cir. 2014) (Sykes, J., concurring) (noting that "[i]t's an open question whether Congress has the power to prescribe procedural rules for

---

AmMed distinguishable because, unlike the appellant in AmMed, Mr. Hewett never filed a notice of appeal following the discharge of his bankruptcy.

state-law claims in state court") (emphasis omitted), cert. denied, 135 S. Ct. 756 (2014); Anthony J. Bellia Jr., Federal Regulation of State Court Procedures, 110 Yale L.J. 947, 980 (2001) (arguing under conflict-of-laws principles that states remain sovereign over their courts' procedures: "If a state court enforces federal law in the same manner as it would the law of another state or a foreign government, it follows that a state has exclusive control over court 'procedure' even as against the federal government."). Thus, the kind of pragmatic question our dismissal of this appeal could raise—whether or to what extent 11 U.S.C. § 108(c) may, of its own force, affect the procedural filing deadline of rule 9.110(b) following the expiration or termination of an automatic stay— appears to be one that has never been squarely decided by any federal court.  Suesz, 757 F.3d at 651; see also Jinks v. Richland Cty., S.C., 538 U.S. 456, 464 (2003) (holding that statute of limitations tolling period under 28 U.S.C. § 1367(d) was a proper exercise of congressional power within a state court proceeding, but observing that "if the substance-procedure dichotomy posited by respondent is valid—the tolling of limitations periods falls on the 'substantive' side of the line.  To sustain § 1367(d) in this case, we need not (and do not) hold that Congress has unlimited power to regulate practice and procedure in state courts.").

So we are left with an appellate rule that does not speak about bankruptcy and a bankruptcy statute that may not be able to speak to our appellate rules.  While we recognize this potential conundrum, we cannot attempt to resolve it.  See, e.g., State v. Turner, 224 So. 2d 290, 291 (Fla. 1969) (reaffirming that "[c]ourts are not to consider a question of constitutionality which has not been raised by the pleadings . . . ."); Allen v. State, 873 So. 2d 576, 579 (Fla. 2d DCA 2004) ("However, this issue is presently not

before us and we therefore do not address it at this time."); <u>Anheuser-Busch Cos. v. Staples</u>, 125 So. 3d 309, 312 (Fla. 1st DCA 2013) (noting that appellate courts are "not at liberty to address issues that were not raised by the parties.").  In light of these concerns, though, we would commend this issue for the Appellate Court Rules Committee's consideration of whether a new or amended rule of appellate procedure would be appropriate to incorporate the tolling provisions of 11 U.S.C. § 108(c) or another period that explicitly addresses the effect of an automatic stay in bankruptcy on the filing of a notice of appeal.

Motion to dismiss granted; appeal dismissed.

NORTHCUTT and KELLY, JJ., Concur.