THOMPSON, Presiding Judge.
On January 23, 2017, the Dale Circuit Court ("the trial court") entered a judgment modifying certain provisions of a judgment that divorced Myong C. Alt ("the wife") and Mark J. Alt ("the husband"). The trial court, apparently ex mero motu, amended that modification judgment the next day. On February 24, 2017, the husband filed a notice of appeal to this court.
However, while the appeal was pending in this court and was scheduled for mediation, the wife notified this court that on February 2, 2017, the husband had filed for Chapter 7 bankruptcy protection in the Bankruptcy Court for the Middle District of Alabama ("the bankruptcy court"); accordingly, the wife moved to stay mediation. On April 4, 2017, this court issued an order directing the parties to file letter briefs addressing whether the husband's notice of appeal of the modification judgment was valid
"in light of the filing of the bankruptcy petition before the filing of the notice of appeal. See Hewett v. Wells Fargo Bank, N.A., 197 So.3d 1105 ( [Fla. Dist. Ct. App.] 2016) ; In re Capgro Leasing Associates, 169 B.R. 305, 313 (Bankr. E.D.N.Y. 1994) ; Autoskill Inc. v. National Educational Support Systems, Inc., 994 F.2d 1476 (10th Cir. 1993), overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495 (10th Cir. 2011)."
In response to this court's order, the wife submitted on April 11, 2017, a letter brief in which she argued, among other things, that the husband's appeal should be dismissed. The husband did not respond to this court's order, and he has submitted no filing in this court.
On April 19, 2017, the wife filed in this court a notice stating that the bankruptcy court had terminated the bankruptcy stay. The wife submitted a copy of an April 4, 2017, order, which stated:
"[The wife] filed a motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a) to proceed in a state court domestic-relations case described in the motion. The motion came for a hearing on April 3, 2017. The [husband] could offer no defense. Accordingly, it is
"ORDERED that the motion is GRANTED and the stay is TERMINATED to allow the [wife] to proceed in the state court domestic-relations case."
(Capitalization in original.) This court ordered that the appeal proceed but later entered an order staying briefing pending the resolution of the wife's request, made in her April 11, 2017, letter brief, that the appeal be dismissed.
This court's research has not revealed any caselaw precedent in Alabama concerning an appellate court's jurisdiction *875 to consider an appeal of a judgment when a party filed for bankruptcy protection after a judgment was entered but before filing a notice of appeal from that judgment. But see Linowiecki v. Nichols, 120 So.3d 1082 (Ala. Civ. App. 2013) (discussing the effect of the automatic-stay provision in the Bankruptcy Code with regard to the determination of time to rule on a postjudgment motion when the bankruptcy stay is lifted). Other jurisdictions have addressed the issue, however. The commencement of a bankruptcy action "operates as a stay" of, among other things, "the commencement or continuation ... of a judicial ... action or proceeding against the debtor...." 11 U.S.C. § 362(a)(1). The filing of a notice of appeal has been held to be a continuation of a judicial proceeding that is subject to the automatic-stay provision of § 362. AmMed Surgical Equip., LLC v. Professional Med. Billing Specialists, LLC, 162 So.3d 209, 211 (Fla. Dist. Ct. App. 2015) ; In re Capgro Leasing Assocs., 169 B.R. 305, 310-11 (Bankr. E.D. N.Y.1994). Accordingly, a notice of appeal, filed after a petition is filed in the bankruptcy court, is considered "void and of null effect." In re Capgro Leasing Assocs., 169 B.R. at 313 ; AmMed Surgical Equip., LLC v. Professional Med. Billing Specialists, LLC, 162 So.3d at 211 ("A notice of appeal filed in a federal appellate court following the filing of a bankruptcy petition is ineffective to confer jurisdiction on the court."). Thus, the husband's February 24, 2017, notice of appeal, because it was filed after the husband filed for bankruptcy protection, was not effective.
In Hewett v. Wells Fargo Bank, N.A., 197 So.3d 1105 (Fla. Dist. Ct. App. 2016), Hewett, the appellant, filed for bankruptcy protection after a foreclosure judgment had been entered, but before he filed a notice of appeal of that foreclosure judgment. The Florida appellate court concluded that the notice of appeal was a nullity and that it lacked jurisdiction to consider the appeal. 197 So.3d at 1106-07.
The Bankruptcy Code provides that certain time limitations that arise in state courts are tolled when an action is filed seeking bankruptcy protection.
"(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of-
"(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
"(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim."
11 U.S.C. § 108(c). See AmMed Surgical Equip., LLC v. Professional Med. Billing Specialists, LLC, 162 So.3d at 212 (holding that, although the automatic bankruptcy stay had prevented AmMed from filing a valid notice of appeal, AmMed could validly and timely appeal the August 12, 2014, order within 30 days of the October 21, 2014, lifting of the bankruptcy stay). See also Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476 (10th Cir. 1993), overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd., 661 F.3d 495 (10th Cir. 2011) (holding that the tolling provision in 11 U.S.C. § 108(b), which is similar to the tolling provision of § 108(c), operated to render *876 timely a notice of appeal filed after the lifting of the bankruptcy stay).
In this case, the husband appealed the January 23, 2017, modification judgment on February 24, 2017, while the automatic stay triggered by his February 2, 2017, bankruptcy filing was in place. Accordingly, that February 24, 2017, notice of appeal was invalid and was without effect. Hewett v. Wells Fargo Bank, N.A., supra ; AmMed Surgical Equip., LLC v. Professional Med. Billing Specialists, LLC, 197 So. 3d at 211. The bankruptcy stay was lifted on April 4, 2017. The husband did not file a valid notice of appeal after that stay had been lifted. "[S]ince the only notice of appeal [the husband] ever filed was a nullity, we are without jurisdiction to consider his appeal." Hewett v. Wells Fargo Bank, N.A., 197 So.3d at 1106-07. See also In re Capgro Leasing Assocs., supra ; AmMed Surgical Equip., LLC v. Professional Med. Billing Specialists, LLC, supra.
The special writing, while speculating about the bankruptcy court's intentions, mentions relief that may be granted by a bankruptcy court under 11 U.S.C. § 362(d), which provides, in part: "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such a stay ...." (Emphasis added.)
The bankruptcy court's April 4, 2017, order makes clear that that court has already considered "terminating, annulling, or modifying," 11 U.S.C. § 362(d), the stay during a hearing at which it indicated that both parties were present or represented; in its April 4, 2017, order, the bankruptcy court elected to terminate the stay. We cannot assume that the bankruptcy court was unaware of the option to "annul" the stay. Any argument that the bankruptcy stay be annulled is an argument that should have been asserted by the husband, and that argument should have been made in the bankruptcy court when the issue whether the stay should remain in place was first raised. See, e.g., In re Hoffinger Indus., Inc., 329 F.3d 948, 953-54 (8th Cir. 2003). The husband did not comply with this court's request for a letter brief on the jurisdictional issue, and, therefore, he has made no arguments to this court concerning the effect of the termination of the bankruptcy stay.
APPEAL DISMISSED.
Pittman, Moore, and Donaldson, JJ., concur.
Thomas, J., concurs specially.
Mark J. Alt ("the husband") has appealed a judgment of the Dale Circuit Court modifying a judgment that had divorced him from Myong C. Alt ("the wife"). The main opinion dismisses the appeal. I concur specially.
I first note that the Alabama Rules of Appellate Procedure do not resolve the problem we face here, namely, whether we should dismiss an appeal that was initiated during the effective period of an automatic stay that had been imposed by federal bankruptcy law, specifically, 11 U.S.C. § 362(a)(1). Like the court in Hewett v. Wells Fargo Bank, N.A., 197 So.3d 1105, 1107 (Fla. Dist. Ct. App. 2016), we must also look to our supreme court for any changes to our procedural rules that would address such situations in the future. See § 12-1-1, Ala. Code 1975.
Regarding this appeal, however, I agree with the main opinion's conclusion that a notice of appeal filed during the effective period of an automatic stay is void for the reasons discussed therein. Under 11 U.S.C. § 362(d), however, a bankruptcy court can retroactively validate actions *877 that were taken in violation of the automatic-stay provisions of 11 U.S.C. § 362(a)(1). See In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984) ("[ Section] 362(d) expressly grants bankruptcy courts the option, in fashioning appropriate relief, of 'annulling' the automatic stay, in addition to merely 'terminating' it. The word 'annulling' in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect; otherwise its inclusion, next to 'terminating,' would be superfluous.").
The April 4, 2017, order entered by the United States Bankruptcy Court for the Middle District of Alabama ("the bankruptcy court") indicates that the automatic stay has been "terminated to allow the [wife] to proceed in the state court domestic-relations case." (Capitalization omitted.) This court has not been made aware of the specific contents of the wife's motion that she filed in the bankruptcy court or the specific argument that she presented in requesting that the stay be terminated. However, it appears that the bankruptcy court believes that this appeal is a "state court domestic-relations case" being prosecuted by the wife as a creditor against the husband. Obviously, however, the wife is the appellee in this matter and has not filed a cross-appeal. Moreover, contrary to her apparent assertions in the bankruptcy court that this appeal should be allowed to "proceed," she has asked this court to dismiss the appeal. However, in order for us to proceed with our consideration of the appeal, as the bankruptcy court appears to intend, the automatic stay must be annulled and not simply terminated. See In re Albany Partners, 749 F.2d at 675.
I am concerned about the possibility that this court is dismissing the husband's appeal when the bankruptcy court is under the impression that terminating the automatic stay will allow us to resolve the issues raised by the husband's appeal. Indeed, it may even believe that a decision from this court is necessary to the resolution of the bankruptcy case. See, e.g., In re Hoffinger Indus., Inc., 329 F.3d 948, 954 (8th Cir. 2003). However, as the main opinion points out, any confusion or ambiguity existing in the bankruptcy court regarding the nature of this appeal and the validity of the husband's notice of appeal should have been raised and addressed by the husband, and it was incumbent upon him to seek annulment of the automatic stay to secure this court's ability to conduct meaningful appellate review of the circuit court's judgment. Moreover, the husband has failed to provide this court with any responsive argument or information that would shed additional light on the intent behind the bankruptcy court's April 4, 2017, order. In the absence of such information, this court is left to consider, without the benefit of relevant appellate argument, the applicability of 11 U.S.C. § 108(c) to appeals filed in this court in an effort to discern some manner in which the husband could have managed to secure appellate review of the circuit court's judgment, given the voidness of his otherwise timely notice of appeal.
If and until our supreme court adopts new procedural rules that would address situations like the one presented by this appeal, I would approach them with caution. When a notice of appeal is filed during the effective period of an automatic stay, I would stay our consideration of the appeal until the parties provide this court with a determination from the relevant bankruptcy court regarding whether the automatic stay should be annulled under 11 U.S.C. § 362(d), thereby validating the notice of appeal. See, e.g., In re Hoffinger Indus., Inc., 329 F.3d at 953-54 (considering a similar situation and reasoning: "We think that retroactive relief was an appropriate way to extricate the various proceedings *878 from the morass into which they had fallen and to set things going again.").
As indicated by an April 19, 2017, order in this case, this court already stays any pending appeal upon receiving a suggestion of bankruptcy until we receive notice that the automatic stay has been "lifted." We should recognize that, in addition to permitting a prospective "lifting" of the automatic stay via termination, 11 U.S.C. § 362(d) empowers bankruptcy courts to "lift" the automatic stay retroactively via annulment. Receiving notice that the automatic stay has been both annulled and terminated would allow us to proceed with our consideration of the appeal, instead of dismissing it, and would not require us to depend upon the operation of 11 U.S.C. § 108(c) to determine the timeliness of appeals that have been filed in this court under our rules of appellate procedure.
Thus, I would maintain our stay of such appeals until receiving notice from the bankruptcy court not only of a determination regarding whether the automatic stay should be terminated, but also regarding whether it should be annulled. Without such a decision from the bankruptcy court, this court risks dismissing an appeal based on the voidness of an appellant's notice of appeal when the notice of appeal may later be validated by the bankruptcy court's annulment of the automatic stay. In such circumstances, the appellant may be deprived of an opportunity to seek appellate review, despite having filed what would have otherwise been a timely notice of appeal under our rules of appellate procedure. Because the husband in this case has made no apparent effort to ensure the continuation of his appeal, however, I concur in the main opinion's decision to dismiss the appeal in this case.