Rel: January 31, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024
_____

## CL-2023-0020
_____

### Jonathan David Jones

### v.

### Tameka Lashea Jones

### Appeal from Shelby Circuit Court
### (DR-18-900268)

MOORE, Judge.

This appeal arises from an order entered by the Shelby Circuit Court ("the trial court") on August 21, 2022, amending a judgment of divorce. We dismiss the appeal in part, reverse the judgment, and remand the case.

On May 24, 2021, the Honorable Julie A. Palmer, a private judge who was appointed by the presiding judge of the trial court, see Ala. Code 1975, § 12-11A-3, entered a judgment of divorce that, among other things, dissolved the marriage of Jonathan David Jones ("the husband") and Tameka Lashea Jones ("the wife"), awarded the wife alimony in gross of $140,000 to compensate her for her equitable share of the parties' marital residence, and awarded the wife 36 months of rehabilitative alimony in the amount of $500 per month. The husband appealed the divorce judgment, and this court reversed the judgment because we determined that the trial court had improperly valued the equity in the marital residence, which was partially owned by a third party, the husband's father. We remanded the case for the trial court to reconsider its property division and alimony awards in light of our opinion. See Jones v. Jones, 369 So. 3d 169 (Ala. Civ. App. 2022).

On August 21, 2022, in compliance with our remand order, Judge Palmer amended the judgment of divorce, reducing the amount of alimony in gross awarded to the wife to $70,000 and increasing the amount of rehabilitative alimony awarded to the wife to $850 per month.

On August 30, 2022, the husband filed a postjudgment motion arguing that the trial court had erred in ordering him to pay the alimony-in-gross award by July 15, 2021, a date that had passed a year earlier, and in awarding the wife $850 per month in rehabilitative alimony because that award violated this court's remand instructions, because he did not have the ability to pay that amount, and because the trial court did not make the express findings required by Ala. Code 1975, § 30-2-57, when making the award. On October 6, 2022, while the husband's postjudgment motion was pending, the wife filed a motion for relief from the judgment in which she asserted that the marital residence had significantly increased in value since the original judgment of divorce had been entered such that her equitable share should be recalculated and that the husband's father had transferred his interest in the marital residence to the husband. On October 12, 2022, the trial court conducted a hearing on both motions.

On October 13, 2022, the husband filed a suggestion of bankruptcy, indicating that he had filed for bankruptcy protection on October 11, 2022; the husband also moved Judge Palmer to stay the divorce

3

proceedings. Judge Palmer did not take any further action in the case. On January 9, 2023, the husband filed a notice of appeal. In the notice, the husband indicated that he was appealing from a "postjudgment order" dated November 28, 2022, which was the 90th day from the date he filed his postjudgment motion. The husband evidently determined that his postjudgment motion had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., which generally provides that a postjudgment motion is automatically denied if it is not ruled upon within 90 days of its filing.

In his brief on appeal, the husband argues that the awards of alimony in gross and rehabilitative alimony are inequitable. Upon initially reviewing his brief, this court noticed that the husband had filed for bankruptcy protection and requested that the parties submit letter briefs on the effect of the automatic-stay provision in 11 U.S.C. § 362 ("the automatic-stay provision") on the appellate jurisdiction of this court. The parties submitted letter briefs, agreeing that the automatic-stay provision does not deprive this court of appellate jurisdiction.

The automatic-stay provision provides, in pertinent part:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of [Title 11] ... operates as a stay, applicable to all entities, of--

"(1) the commencement or continuation ... of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

"....

"(b) The filing of a petition under section 301, 302, or 303 of [Title 11] ... does not operate as a stay--

"....

"(2) under subsection (a)--

"(A) of the commencement or continuation of a civil action or proceeding--

"....

"(iv) for the dissolution of a marriage, <u>except to the extent that such proceeding seeks to determine the division of property that is property of the estate</u>."

(Emphasis added.)

Pursuant to 11 U.S.C. § 362(b)(2)(A)(iv), the automatic-stay provision generally does not apply to state-court divorce proceedings. A spouse may pursue a claim for rehabilitative alimony, and a state court may adjudicate that claim despite the imposition of the automatic-stay provision. See In re Greenhouse, 641 B.R. 711, 715 (Bankr. S.D. Fla. 2022). Thus, the award of rehabilitative alimony and the appeal of that award are not subject to the automatic-stay provision. The automatic-stay provision also did not toll the 90-day period for the trial court to rule on the husband's postjudgment motion under Rule 59.1, Ala. R. Civ. P. See Linowiecki v. Nichols, 120 So. 3d 1082 (Ala. Civ. App. 2013). As the husband correctly determined, his postjudgment motion was denied by operation of law on November 28, 2022, and he timely filed his notice of appeal within 42 days of that date. See Rule 4, Ala. R. App. P. This court has jurisdiction over the appeal to the extent that it involves a review of the award of rehabilitative alimony.

On the other hand, § 362(b)(2)(A)(iv) does "prevent a state court from dividing divorcing parties' property" in a divorce proceeding, In re Herter, 456 B.R. 455, 467 (Bankr. D. Idaho 2011), when the parties'

property has become property of the bankruptcy estate, <u>In re Rose</u>, 563 B.R. 606 (Bankr. E.D.N.C. 2016). We conclude that the automatic-stay provision applies to divorce proceedings to the extent that they involve a determination of alimony in gross.

Under federal bankruptcy law, property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Although federal law determines when a debtor's interest in property is property of the bankruptcy estate, property interests are created and defined by state law." <u>In re Ross</u>, 548 B.R. 632, 637 (Bankr. E.D.N.Y. 2016), <u>aff'd sub nom.</u> <u>Mendelsohn v. Ross</u>, 251 F. Supp. 3d 518 (E.D.N.Y. 2017) (citing <u>Butner v. United States</u>, 440 U.S. 48, 55 (1979)). Under Alabama law, an award of alimony in gross is a monetary award to one spouse to compensate that spouse for his or her equitable interest in marital property awarded to the other spouse. <u>See</u> <u>Ex parte Hager</u>, 293 Ala. 47, 299 So. 2d 743 (1974). The monetary award is payable out of the present estate of the paying spouse. <u>Id.</u> In this case, Judge Palmer awarded the wife $70,000 to compensate her for her equitable interest in the marital residence, and

that award is payable out of the property owned by the husband that, upon the filing of the bankruptcy petition, became property of the bankruptcy estate. See In re Yonikus, 996 F.2d 866, 869 (7th Cir. 1993) (holding that, when a bankruptcy petition is filed, "virtually all property of the debtor" becomes property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a)). Accordingly, the automatic-stay provision applies to the continuation of the divorce proceedings against the husband seeking to determine his liability for alimony in gross.

The husband argues that his appeal of the award of alimony in gross is not a "continuation of ... a judicial ... proceeding against the debtor" within the meaning of § 362(a); he characterizes his appeal as a new action commenced by a bankruptcy debtor. However, in Alt v. Alt, 257 So. 3d 873 (Ala. Civ. App. 2017), this court held that an appeal operates as a continuation of the underlying judicial proceeding. Pursuant to Alt, the husband's appeal in this case is a continuation of the underlying divorce proceedings in which the wife pursued her claim for rehabilitative alimony against the husband. In Alt, this court further held that a notice of appeal filed in violation of the automatic-stay

8

provision is a nullity and that "a notice of appeal, filed after a petition is filed in the bankruptcy court, is considered 'void and of null effect.'" 257 So. 3d at 875 (quoting In re Capgro Leasing Assocs., 169 B.R. 305, 313 (Bankr. E.D.N.Y. 1994)). In this case, the husband's appeal of the alimony-in-gross award is a nullity because it is a continuation of the divorce proceeding against the husband in which the wife is seeking a division of his property, which is now within the bankruptcy estate. Consequently, this court has no jurisdiction over the appeal of the judgment insofar as it seeks review of the alimony-in-gross award.

Our holding is not intended to be interpreted to mean that the husband has lost his right to appeal the award of alimony in gross. Under federal bankruptcy law, the husband may file another notice of appeal within 30 days from the date he receives notice of the termination or lifting of the automatic stay. See 11 U.S.C. § 108(c); see also Alt, supra (discussing the effect of § 108(c)). This court has not been apprised whether the automatic stay has been terminated or lifted or whether the time for appeal under § 108(c) has expired, so we do not express any opinion whether the father may validly appeal the judgment awarding

the wife alimony in gross in the future. We hold only that the notice of appeal filed on January 9, 2023, is void to the extent that it seeks relief from the alimony-in-gross award.

Although we recognize that the appeal of the judgment awarding the wife rehabilitative alimony is properly before this court, we cannot review that award in the present context. As this court recognized in the original appeal of this case, this court ordinarily must consider awards of alimony in gross and rehabilitative alimony together to ascertain whether the awards are inequitable. See Jones, 369 So. 3d at 174. In this case, the automatic-stay provision precludes this court from considering the propriety of the award of alimony in gross. However, at this point, we need not consider whether this court may nevertheless independently review the propriety of the award of rehabilitative alimony despite our inability to also consider the interrelated property-division aspects of the divorce judgment. Instead, we note that § 30-2-57(a), Ala. Code 1975, requires a trial court awarding rehabilitative alimony to make express findings of fact supporting the award, and the judgment awarding the wife rehabilitative alimony fails to comply with

10

this requirement.  "We cannot properly review the award in this case without having before us the express findings required by [Ala. Code 1975,] § 30-2-57."  Merrick v. Merrick, 352 So. 3d 770, 775 (Ala. Civ. App. 2021).  Therefore, we reverse the judgment and remand the case with instructions for Judge Palmer to enter the appropriate findings of fact to support the award of rehabilitative alimony.

APPEAL DISMISSED IN PART; REVERSED AND REMANDED WITH INSTRUCTIONS.

Thompson, P.J., and Edwards, Hanson, and Fridy, JJ., concur.